Rico DUNN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2005–CA–000468–MR.

Court of Appeals of Kentucky.

March 31, 2006.

Discretionary Review Denied by Supreme Court Sept. 13, 2006.

Kim Brooks Tandy, Covington, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Michael L. Harned, Assistant Attorney General, Frankfort, KY, for appellee.

Before TACKETT, TAYLOR, and VANMETER, Judges.

*OPINION*

VANMETER, Judge.

Rico Dunn appeals from the Jessamine Circuit Court's judgment sentencing him to serve two years in prison after he entered a conditional guilty plea to first-degree possession of a controlled substance[1] (cocaine). On appeal, Dunn contends that the circuit court erred in failing to grant his motion to suppress the evidence of cocaine found on his person. For the following reasons, we affirm.

Testimony at Dunn's suppression hearing revealed that an automobile was stolen from World Class Auto (WCA) in October 2004. The vehicle was recovered and returned to WCA in December. When four individuals inquired about the vehicle on January 9, 2005, WCA notified the Nicholasville Police Department. Detective Mike Elder responded to the call and questioned two of the inquiring individuals who had entered the dealership building. Elder described the two as nervous, eva-

_____

1. KRS 218A.1415.

sive in their responses, smelling of marijuana, and having bloodshot eyes.

Sergeant Fuller subsequently arrived at WCA in response to Elder's call for back-up. After Fuller briefly spoke to Elder, he approached the remaining two inquiring individuals, who had remained in their vehicle. When the driver, appellant Rico Dunn, rolled down his window, Fuller smelled a strong odor of marijuana. Fuller asked Dunn to get out of the vehicle and during a pat-down search for evidence of marijuana, Fuller found a cellophane packet containing cocaine in Dunn's shirt. At some point, Fuller also searched the vehicle and found marijuana seeds and stems. Elder asserted that when he searched the vehicle approximately one hour later for information regarding its owner, it still smelled of marijuana.

■ After Dunn was indicted on the charge of first-degree possession of a controlled substance (cocaine), he moved to suppress evidence of the cocaine found on his person as the fruit of an unlawful search. At a hearing on the matter, the Commonwealth presented the testimony of Elder and Fuller. The circuit court ultimately overruled Dunn's suppression motion, reasoning that the strong smell of marijuana coming from Dunn's vehicle provided probable cause to search the vehicle and all items contained therein, as well as the people in it. Thereafter, Dunn entered a conditional guilty plea to first-degree possession of a controlled substance and was sentenced to serve two years in prison. This appeal followed.

Our role on appeal is set forth in *Commonwealth v. Neal*[2] as follows:

> An appellate court's standard of review of the trial court's decision on a motion to suppress requires that we first determine whether the trial court's findings of fact are supported by substantial evidence. If they are, then they are conclusive. Based on those findings of fact, we must then conduct a *de novo* review of the trial court's application of the law to those facts to determine whether its decision is correct as a matter of law.

Here, only the Commonwealth presented testimony at the suppression hearing, and there is no dispute regarding the facts surrounding the search of Dunn's person.

■ All warrantless searches are "presumed to be unreasonable and unlawful, requiring the Commonwealth to bear the burden of justifying the search and seizure under one of the exceptions to the warrant requirement."[3] Here, the circuit court upheld the search of Dunn's person based on the automobile exception, which allows police "to search a legitimately stopped automobile where probable cause exists that contraband or evidence of a crime is in the vehicle."[4] This exception is premised upon the ready mobility of automobiles as well as the "reduced expectation of privacy [one has] in an automobile, owing to its pervasive regulation."[5]

Dunn concedes that the odor of marijuana coming from the car he was driving furnished Fuller with probable cause to search the car. However, Dunn argues that the circuit court erred in failing to

2. 84 S.W.3d 920, 923 (Ky.App.2002) (internal citations omitted).

3. *Commonwealth v. Erickson*, 132 S.W.3d 884, 887 (Ky.App.2004) (citing *Cook v. Commonwealth*, 826 S.W.2d 329, 331 (Ky.1992)).

4. *Clark v. Commonwealth*, 868 S.W.2d 101, 106 (Ky.App.1993) (citing *United States v. Ross*, 456 U.S. 798, 800–01, 102 S.Ct. 2157, 2159–61, 72 L.Ed.2d 572, 578 (1982)).

5. *Pennsylvania v. Labron*, 518 U.S. 938, 940, 116 S.Ct. 2485, 2487, 135 L.Ed.2d 1031 (1996).

grant his suppression motion, because the search of his person was not supported by probable cause. We disagree for the reasons set forth in *People v. Stout*[6], which held that the smell of marijuana coming from a person's vehicle also gave an officer probable cause to search the person.

The judgment of the Jessamine Circuit Court is affirmed.

ALL CONCUR.

[6]. 106 Ill.2d 77, 87 Ill.Dec. 521, 477 N.E.2d 498, 503, (1985). *Accord State v. K.V.*, 821 So.2d 1127, 1128 (Fla.Dist.Ct.App.2002) ("the Florida Supreme Court has recently observed [that] the odor of burnt marijuana 'unquestionably' provides probable cause not only to conduct a stop of a vehicle, but also to search the entire passenger compartment and each of its occupants"); *State v. Doren*, 654 N.W.2d 137, 142 (Minn.Ct.App.2002) ("odor of burned marijuana inside a stopped motor vehicle provides probable cause for the search of the vehicle's occupants") (citing *State v. Wicklund*, 295 Minn. 403, 205 N.W.2d 509, 511 (1973)); *State v. Judge*, 275 N.J.Super. 194, 645 A.2d 1224 (1994); *State v. Devine*, 9 Or.App. 424, 496 P.2d 51, 52 (1972).