**COMMONWEALTH of Kentucky,**
**Appellant,**

v.

**Thomas ELLIOTT, Appellee.**

**No. 2009–CA–001603–MR.**

Court of Appeals of Kentucky.

Sept. 10, 2010.

Jack Conway, Attorney General, Michael J. Marsch, Assistant Attorney General, Frankfort, KY, for appellant.

No brief for appellee.

Before CLAYTON and LAMBERT, Judges; HENRY,[1] Senior Judge.

## OPINION

LAMBERT, Judge:

The Commonwealth appeals a July 8, 2009, Logan Circuit Court order granting Thomas Elliott's motion to suppress evidence of cocaine and drug paraphernalia found in his automobile. The Commonwealth contends the trial court erred in holding that the evidence was seized in violation of Elliott's Fourth Amendment

---

1. Senior Judge Michael L. Henry sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

rights. After careful review, we reverse the trial court.

Despite being given several opportunities to do so, Elliott failed to file a brief. Accordingly, we will set forth the Commonwealth's statement of facts and issues, presuming such to be correct. Kentucky Rules of Civil Procedure (CR) 76.12(8)(c).

In the early morning hours of March 15, 2009, Officer Roger Lindsey of the Russellville Police Department observed Elliott park his vehicle in an empty public parking lot. Officer Lindsey watched Elliott rummage through his vehicle and then observed Elliott exit the vehicle and wander around the parking lot. Upon initiating contact with Elliott, Officer Lindsey testified that he detected a strong odor of alcohol.

Elliott informed Officer Lindsey that he had Parkinson's disease. Conscious of Elliott's disability, Officer Lindsey proceeded to perform a select series of field sobriety tests, which Elliott failed. Officer Lindsey then asked Elliott for consent to search his vehicle. Elliott consented, but as Officer Lindsey made the approach to Elliott's vehicle, Elliott suddenly withdrew his consent. Prior to this withdrawal, Officer Lindsey observed a white powder substance on the middle console, driver's seat, and gear shift of the vehicle. He also observed a couple of torn clear plastic baggie corners lying on the seat.

At this point, more field sobriety tests were performed, and Elliott failed each one. Officer Lindsey then placed Elliott under arrest for driving under the influence. Upon securing Elliott in the back of his cruiser, Officer Lindsey searched Elliott's vehicle. There, he found cocaine in a Marlboro pack and drug paraphernalia located in the console.

On May 21, 2009, Elliott filed a motion to suppress the evidence discovered during the search of his vehicle. In testifying during this hearing, Officer Lindsey stated that at the time of arrest, he felt Elliott had more in his system than just alcohol due to the results of his field sobriety tests. Officer Lindsey also testified that he believed the white powder observed in Elliott's vehicle prior to Elliott's arrest was a controlled substance. He formed this belief because of Elliott's behavior, the results of the field sobriety tests, and his observation of the torn baggie corners. Laboratory results indicated that Elliott had both alcohol and cocaine in his system.

Upon considering the testimony, the trial court determined as follows:

Concerning the search of the interior of the automobile, the question is whether the search is justified as a search incident to arrest. The court cannot find that the observation of the plastic corners on the seat created probable cause that drugs would be found elsewhere in the interior of the car under the automobile exception to the warrant requirement. Analysis of the facts of this case involves the recent case of *Arizona v. Gant* [— U.S. —], 129 S.Ct. 1710, 173 L.Ed.2d 485 [ (2009) ] decided on April 21, 2009. In this case, the United States Supreme Court reversed (the majority did not characterize it as a reversal—but that is what it was) the longstanding rule established in *New York v. Belton*, 453 U.S. 454 [101 S.Ct. 2860, 69 L.Ed.2d 768 (1981)], which allowed officers to search, incident to arrest, the interior of a vehicle where a recent occupant had been subject to arrest. *Gant* concluded that the safety and evidentiary justifications underlying the "search incident to arrest" rationale apply only when there is a reasonable possibility that the person under arrest might still gain access to the vehicle.

The *Gant* Court recited that the purpose of the search-incident-to-arrest exception to the warrant requirement was 1) to protect officers from any weapons in the area, and 2) to safeguard any evidence of the offense of arrest. The Court reasoned that "if there is no possibility that an arrestee could reach into the area that law enforcement officers seek to search, *both* justifications for the search-incident-to-arrest exception are absent and the rule does not apply." *Id.* Despite this clear statement in the dicta of the opinion, the holding of *Gant* states that police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search *or* it is reasonable to believe the vehicle contains evidence of the offense of arrest. This apparent conflict leaves open for legitimate argument whether the search-incident-to-arrest exception still applies where the arrestee no longer has access to the area to be searched but it is still "reasonable to believe" evidence might be found in the area. In interpreting *Gant,* this Court will presume that the holding was intended to be consistent with the stated reasoning of the opinion. The holding is thus interpreted to mean that where the arrestee no longer has access to the area to be searched, the search-incident-to-arrest exception no longer applies.

In this case the search took place after Elliott was arrested and handcuffed in the back of the police cruiser. Under *Gant,* the search-incident-to-arrest exception cannot apply. This warrantless search must be found unreasonable and the evidence must be suppressed. It is recognized that the rules of search and seizure were changed and that the officer in fact acted reasonably in following what appeared to be the law at the time.

(Emphasis in original).

On July 24, 2009, the Commonwealth filed a motion to reconsider. In this motion, the Commonwealth pointed out relevant portions of Officer Lindsey's testimony in which he indicated he observed a white powder substance in plain view of Elliott's vehicle in addition to torn baggie corners, which the Commonwealth argued gave Officer Lindsey probable cause to search the vehicle for cocaine under the plain view exception. The Commonwealth further argued that because the search of Elliott's vehicle was premised on a plain view observation of the white powder and torn baggies that it was not required to defend the search as a search incident to arrest, and therefore *Gant* is not implicated.

On August 3, 2009, the trial court granted, in part, the Commonwealth's motion to reconsider by a hand written order stating, "[o]rder suppressing modified so as *not to exclude* evidence of visible powder and 4 baggie corners. Otherwise to remain as is." (Emphasis added). In open court on that same day, the court explained its decision to modify its original order was based on the fact that the white powder on the console and the torn baggie corners were in plain view. Thus, the trial court ultimately decided to suppress only the cocaine found in the Marlboro pack found by Officer Lindsey in the console of Elliott's vehicle.

The Commonwealth now appeals the trial court's July 8, 2009, order suppressing evidence and the August 3, 2009, order modifying the July 8, 2009, order.

██ On appeal to this Court, the Commonwealth argues that the above ruling is erroneous as a matter of law. After careful review of controlling precedent, we

agree. Our standards of review in this case are as follows:

> When reviewing an order on a motion to suppress, the trial court's findings of fact are conclusive if they are supported by substantial evidence. Using those facts, this Court then reviews de novo the trial court's application of the law to those facts to determine whether its decision is correct as a matter of law.

*Owens v. Commonwealth,* 291 S.W.3d 704, 707 (Ky.2009) (internal citations and quotations omitted).

In *Gant,* the United States Supreme Court determined the scope of the so-called "search-incident-to-arrest" rule. 129 S.Ct. at 1723. This rule is really an exception. It is an exception to the well-settled constitutional tenet that "all searches without a warrant are unreasonable . . . ." *Owens,* 291 S.W.3d at 707 (quoting *Cook v. Commonwealth,* 826 S.W.2d 329, 331 (Ky.1992)).

In applying *Gant,* the Kentucky Supreme Court has directed as follows:

> The [United States] Supreme Court previously afforded officers virtual carte blanche to search an automobile incident to the arrest of a recent occupant of a vehicle, holding that "[o]nce an officer determines that there is probable cause to make an arrest, it is reasonable to allow officers to ensure their safety and to preserve evidence by searching the entire passenger compartment." *Thornton v. United States,* 541 U.S. 615, 623, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004). This carte blanche has been greatly reduced by *Gant,* however. According to the new, far more restrictive rule expressed in *Gant,* "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search *or* it is reasonable to believe the

> vehicle contains evidence of the offense of arrest." 129 S.Ct. at 1723.

*Owens* at 708 (emphasis added).

██ The *Gant* Court explained that permitting officers to search the vehicle of an arrestee occupant without a warrant in circumstances where it is reasonable to believe that the vehicle contains evidence of the offense of arrest is necessary and legitimate due to "circumstances unique to the vehicle context[.]" 129 S.Ct. at 1719 (citing Justice Scalia's concurrence in *Thornton,* 541 U.S. at 632, 124 S.Ct. 2127). These circumstances include "the ready mobility of automobiles as well as the reduced expectation of privacy [one has] in an automobile, owing to its pervasive regulation." *Dunn v. Commonwealth,* 199 S.W.3d 775, 776 (Ky.App.2006) (citing *Pennsylvania v. Labron,* 518 U.S. 938, 940, 116 S.Ct. 2485, 2487, 135 L.Ed.2d 1031 (1996)) (internal quotation omitted). Accordingly, we agree with the Commonwealth that the trial court erred as a matter of law in ruling that the search-incident-to-arrest exception to the warrant requirement was not available unless the arrestee is within reaching distance of the passenger compartment of the automobile. A reasonable reading of *Gant,* as set forth by our Supreme Court in *Owens,* clearly holds that the exception is also available if it is reasonable to believe the vehicle contains evidence of the offense of arrest.

██ The Commonwealth further argues that the trial court erred by rejecting its argument that the search of Elliott's automobile was permissible under the "automobile" exception to the warrant requirement. This exception "permits an officer to search a legitimately stopped automobile [without a warrant] where probable cause exists that contraband or evidence of a crime may be in the vehicle." *Morton v.*

*Commonwealth,* 232 S.W.3d 566, 569 (Ky. App.2007).

In reviewing a probable cause determination, we are guided as follows:

> [T]he ultimate issue of the existence of reasonable suspicion or probable cause is a mixed question of law and fact subject to de novo review. In conducting this analysis, the reviewing court must give due weight to inferences drawn from the facts by the trial court and law enforcement officers and to the circuit court's findings on the officers' credibility.

*Baltimore v. Commonwealth,* 119 S.W.3d 532, 539 (Ky.App.2003) (internal footnotes omitted).

In this case, the trial court found that Officer Lindsey acted reasonably and made no findings questioning his credibility. According to Officer Lindsey, he believed the white powder he observed on the middle console, driver's seat, and gear shift of Elliott's vehicle was an illegal controlled substance based on the following: (1) Elliott's behavior; (2) the results of the field sobriety tests; and (3) the existence of a couple of torn clear plastic baggie corners lying on the seat. Based on the totality of these circumstances, we agree that this evidence compels a conclusion that Officer Lindsey had probable cause to believe that contraband was present in the vehicle. *See McCloud v. Commonwealth,* 279 S.W.3d 162, 167 (Ky.App.2007) (probable cause found where officers observed various items used in the manufacture of methamphetamine). The trial court's contrary conclusion was erroneous as a matter of law.

Pursuant to the above analysis, we hereby reverse the Logan Circuit Court's August 3, 2009 order, which modified the order entered on July 8, 2009, granting Thomas Elliott's motion to suppress evidence of cocaine and drug paraphernalia found in his automobile. Officer Lindsey's search of Elliott's vehicle was lawful under both the revised "search-incident-to-arrest" exception set forth in *Gant* and the "automobile" exception.

ALL CONCUR.