RENDERED: JANUARY 29, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1438-MR

MAMA DIALLO                                                    APPELLANT

v.          APPEAL FROM CAMPBELL CIRCUIT COURT
            HONORABLE DANIEL J. ZALLA, JUDGE
            ACTION NO. 18-CR-00195

COMMONWEALTH OF KENTUCKY                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, KRAMER, AND MAZE, JUDGES.

CALDWELL, JUDGE: Mama Diallo entered a conditional guilty plea in

Campbell Circuit Court to a charge of trafficking in a controlled substance, less

than four (4) grams of cocaine, and received a sentence of five years'

imprisonment. He alleges that his rights pursuant to the United States Constitution

and the Kentucky Constitution were violated when the police searched his vehicle

after a traffic stop. We disagree and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant Mama Diallo (Diallo) was operating a vehicle in Highland Heights in 2018 when he was pulled over by Officer John Dunn (Dunn) after Dunn witnessed the vehicle swerve across the "fog line," the solid white line on the side of the road, as it was proceeding up the ramp to I-275. As Dunn began following the vehicle, he observed it move across three lanes of traffic on the expressway all at once, without signaling. At seeing this dangerous move, Dunn activated his lights and initiated a traffic stop.

Though Diallo did stop his vehicle, he did not pull to the side of the road, instead remaining in the slow lane of the expressway. Dunn directed Diallo to pull his vehicle off of the roadway. Dunn called for backup, fearing the vehicle may take off since the driver seemed reticent to pull completely over to the side of the road. As Officer Dutle (Dutle) arrived to back up Dunn, the suspect vehicle pulled off of the roadway and Dutle and Dunn approached the car.

Dunn noticed a smell of marijuana as he approached the vehicle from the passenger side. He also noticed that the driver's eyes were glassy, and the aroma of marijuana was even more pronounced as he spoke with Diallo. The officers removed Diallo from his vehicle and patted him down. Diallo told them he had a taser in his pocket, and the officers found the weapon, along with a baggie

of marijuana and four pills in cellophane, which appeared to be Percocet. Diallo was placed in handcuffs.

After having found a weapon, marijuana, and narcotics on his person, and recalling his odd manner of pulling over by not removing his vehicle from the roadway, Officer Dutle suspected that further evidence of a crime was present and began searching the vehicle. He noted that the smell of marijuana had not dissipated from the interior of the car, despite Diallo being removed from the vehicle. During a search, he found a digital scale underneath the driver's seat and then found a mason jar of marijuana in the trunk. Officer Dutle next examined the engine compartment, as he had knowledge that sometimes drugs were secreted under the hood, but during his search he found no contraband under the hood. Returning to the interior, he noted that a panel on the passenger side of the vehicle, underneath the center console, seemed to have been removed and replaced as it was not seated well. He removed the panel and found inside the compartment behind the panel a baggie of what was suspected to be cocaine.

Diallo was charged with trafficking in a controlled substance in the first degree for the cocaine (more than four (4) grams), possession of a controlled substance in the first degree for the Percocet, possession of drug paraphernalia for the scale, and possession of marijuana. Diallo filed a motion to suppress the evidence discovered in his vehicle, alleging that the officers had no right to search

his vehicle and that the exclusionary rule should result in suppression of the evidence found in the vehicle following the search. After a suppression hearing, the trial court denied Diallo's motion.

In exchange for a guilty plea to the trafficking charge, amended to less than four (4) grams, all of the possessory offenses against Diallo were dismissed as part of the plea deal and he received a sentence of five years' imprisonment. His plea was conditioned on his right to appeal the trial court's order denying his motion to suppress.

## STANDARD OF REVIEW

When reviewing a trial court's order on a motion to suppress, an appellate court reviews the trial court's findings of fact for clear error and the conclusions of law *de novo*. *Simpson v. Commonwealth*, 474 S.W.3d 544, 547 (Ky. 2015).

## ANALYSIS

Generally, the United States Constitution and the Kentucky Constitution require that before law enforcement performs a search that the officer seek the issuance of a warrant by a court, which shall review the sufficiency of evidence presented it for probable cause to believe a crime has been committed or evidence thereof might be found before the search might commence of a person or vehicle. *See Commonwealth v. Hatcher*, 199 S.W.3d 124, 126 (Ky. 2006). A

search conducted without a warrant, therefore, is unreasonable unless it falls within one of the few exceptions to the warrant requirement. Two of those exceptions are applicable in the present case, one of which was the automobile exception, which the trial court properly held validated the officers' actions in this matter.

*Automobile Exception*

The first exception allows law enforcement to search a vehicle when the police reasonably suspect that the vehicle might contain contraband, due to the ready mobility of vehicles and the diminished right of privacy one has when upon the public streets in a vehicle. *See Dunn v. Commonwealth*, 199 S.W.3d 775, 776 (Ky. App. 2006). When reviewing whether the automobile exception has been properly applied by a trial court in denying a motion to suppress, a reviewing court must review a mixed question of law and fact *de novo*, giving due deference to the trial court's assessment of credibility of the officers who provided testimony. *See Baltimore v. Commonwealth*, 119 S.W.3d 532, 539 (Ky. App. 2003).

The officers cited sufficient reasons for the initiation of the traffic stop—drifting across the fog line and rapidly crossing several lanes of traffic without signaling. Further, Diallo's behavior in not pulling to the side of the road, coupled with the smell of marijuana on his person, followed by the discovery of marijuana, pills, and a taser on Diallo's person, provided more than probable cause to suspect that further contraband might be found in the vehicle. This suspicion

was buoyed by the persistent odor of marijuana in the vehicle, even after Diallo, and his on-person baggie of marijuana, were removed from the vehicle. The officers reasonably concluded that there may remain more marijuana in the vehicle.

Diallo complains that the removing of panels was borne out of a "hunch" and thus was not supported by probable cause. However, given the contraband found on Diallo's person, the scales found beneath his seat, and the jar of marijuana found in the trunk of the vehicle, the officer clearly had probable cause. The officer suspected that the panel, which appeared to have previously been removed and re-installed, might have been removed to secrete contraband. Diallo suggests that the panel might have been removed to effect the change of a fuse or bulb, and its appearance of having been previously removed was not inherently suspicious. However, there is no evidence that the subject panel was one which housed fuses or bulbs, which would have been manufactured and installed with an expectation of removal and replacement. Rather, the evidence suggested here that the panel was one not intended to be removed, because it was not capable of being replaced such that its prior removal was not obvious; if a panel is made to be removed, it is made to be replaced without having obviously been previously removed.

Further, probable cause does and can extend to all portions of a vehicle where the objects of the search can be hidden. "Police . . . who have probable cause to believe that the objects of the search are concealed somewhere within the vehicle may conduct a warrantless search of the vehicle and all the compartments and containers thereof as well as the contents thereof that are not in plain view." *Estep v. Commonwealth*, 663 S.W.2d 213, 215 (Ky. 1983).

We find that the trial court properly found that the search of the vehicle was supported by probable cause.

*Search Incident to Arrest*

Though the trial court did not specifically find that the search could have been validated as a proper search incident to arrest, such is a conclusion of law and as our review of such is *de novo*, we will address this exception.

As Diallo was lawfully seized and had been arrested for possession of contraband, and as the officers noted that the smell of marijuana—one of the items of contraband found on Diallo's person—persisted in the vehicle even after he had been removed from it, it was appropriate for the officers to search the vehicle incident to his arrest. "A reasonable reading of *Gant*, as set forth by our Supreme Court in *Owens*, clearly holds that the exception is also available if it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Commonwealth v. Elliott*, 322 S.W.3d 106, 110 (Ky. App. 2010).

## CONCLUSION

For the foregoing reasons, the trial court's order on the motion to suppress is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Julia Karol Pearson
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Christopher Henry
Assistant Attorney General
Frankfort, Kentucky