RENDERED: NOVEMBER 19, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0234-MR

REBECCA LUKEN          APPELLANT

         APPEAL FROM CAMPBELL CIRCUIT COURT
v.          HONORABLE JULIE REINHARDT WARD, JUDGE
         ACTION NO. 18-CR-00322

COMMONWEALTH OF KENTUCKY          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, McNEILL, AND TAYLOR, JUDGES.

McNEILL, JUDGE: At approximately 6:00 p.m. on February 28, 2018, an employee at the home department store, Lowe's, in Highland Heights, Kentucky, observed a red van with a trailer at the store's location. Based on a notification by another Lowe's store in Ohio concerning a recent attempted theft involving a red van pulling a trailer, the police were contacted. Highland Heights Police Officer Blank responded to the scene later that evening. Shortly after 10:00 p.m., when the

store was closed, Officer Blank positioned his patrol car behind an elevated location overlooking the store. While there, Officer Blank observed a black flatbed pickup truck with an attached trailer drive behind the Lowe's building. There was no indication that the vehicle was performing business for Lowe's or its customers. Believing that this was suspicious based on his experience with the Highland Heights Police Department, Officer Blank stopped the vehicle while it was exiting the Lowe's parking lot. Rebecca Luken (hereafter, "Appellant"), was a passenger in the vehicle. During the stop, Officer Blank searched the vehicle and discovered a pill bottle labeled with Appellant's name. The bottle contained suspected methamphetamine.[1]

Appellant was subsequently indicted on one count of first-degree possession of a controlled substance. She filed a motion to suppress the evidence based on lack of reasonable suspicion for the traffic stop, which was denied by the trial court. Thereafter, Appellant entered a guilty plea upon the condition that her suppression motion may be appealed. She now appeals as a matter of right and specifically argues that the stop was not based on reasonable and articulable suspicion that criminal activity was afoot.

---

[1] Appellant does not contest that the substance was illegal or anything that occurred *after* the initial investigatory stop.

# I.  ANALYSIS

Our standard of review of the trial court's denial of a suppression motion is twofold.  First, the trial court's findings of fact are conclusive if they are supported by substantial evidence; and second, the trial court's legal conclusions are reviewed *de novo*.  *Commonwealth v. Marr*, 250 S.W.3d 624, 626 (Ky. 2008).  We summarized the relevant Fourth Amendment law in *Dunn v. Commonwealth*:

> All warrantless searches are presumed to be unreasonable and unlawful, requiring the Commonwealth to bear the burden of justifying the search and seizure under one of the exceptions to the warrant requirement.  Here, the circuit court upheld the search . . . based on the automobile exception, which allows police to search a legitimately stopped automobile where probable cause exists that contraband or evidence of a crime is in the vehicle.  This exception is premised upon the ready mobility of automobiles as well as the reduced expectation of privacy [one has] in an automobile, owing to its pervasive regulation.

199 S.W.3d 775, 776 (Ky. App. 2006) (internal quotation marks and footnotes omitted).  *See also United States v. Cortez*, 449 U.S. 411, 417, 101 S. Ct. 690, 695, 66 L. Ed. 2d 621 (1981) (footnote omitted) (an investigatory stop must "be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity.").  In ruling on a motion to suppress resulting from such a stop, courts must consider the totality of the circumstances.  *Id.*

*Cortez* provides additional guidance that is particularly instructive in the present case:

> The [search and seizure] process does not deal with hard certainties, but with probabilities. Long before the law of probabilities was articulated as such, practical people formulated certain common sense conclusions about human behavior; jurors as factfinders are permitted to do the same–and so are law enforcement officers. Finally, the evidence thus collected must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement.

*Id*. at 418, 101 S. Ct. at 695. With these standards in mind, we conclude that the record demonstrates that the Commonwealth presented sufficient evidence that would justify the warrantless search and seizure at issue here. More precisely, having considered the record and the law, including the non-binding case law cited by Appellant, we are convinced that Officer Blank possessed reasonable and articulable suspicion that criminal activity was afoot, thus justifying the investigatory stop at issue.

The suppression hearing lasted less than half of an hour and the only testimonial evidence presented was Officer Blank's. Particularly relevant portions of his testimony include, without limitation: 1) he was informed that someone in a red van with a trailer recently attempted a theft at an Ohio Lowe's, and that a vehicle and trailer matching that description was reported being seen at the Highland Heights Lowe's on February 28, 2018; 2) in response to these

complaints, Officer Blank observed from a position overlooking the store–after the store had closed–a black truck pulling a trailer enter the parking lot and then proceed behind the store where merchandise and materials were located. Some of these materials, like cinder blocks, could be removed and placed *inside* of a vehicle; 3) Officer Blank frequently patrolled that Lowe's location and never witnessed any vehicle enter the rear of the store that was not involved in the store's operation; and 4) there was no exit behind the store.

We recognize, however, that some of Officer Blank's testimony weighs at least somewhat in Appellant's favor. For example, the black truck at issue here did not match the description of the red van that was the subject of the previous reports from Lowe's employees. Officer Blank also testified that the vehicle was only behind the store for between two and three minutes and that he did not see anything on the trailer when the vehicle entered the Lowe's parking lot or when it attempted to exit the scene. Yet, based on this totality of the circumstances, we believe that Officer Blank had reasonable and articulable suspicion that criminal activity was afoot. Therefore, the trial court did not err in denying Appellant's motion to suppress.

## II. CONCLUSION

For the foregoing reasons, we hereby affirm the judgment of the Campbell Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Julia K. Pearson
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky