RENDERED: SEPTEMBER 23, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1097-MR

SHAUNTEZ WASHINGTON                                    APPELLANT

v.                    APPEAL FROM FAYETTE CIRCUIT COURT
              HONORABLE THOMAS L. TRAVIS, JUDGE
                    ACTION NO. 18-CR-01421

COMMONWEALTH OF KENTUCKY                                APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; JONES AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: Shauntez Washington appeals from an order of the

Fayette Circuit Court which denied his motion to suppress evidence. We find no

error and affirm.

## FACTS AND PROCEDURAL HISTORY

On October 6, 2018, Officer Jesse Mascoe and other officers of the Lexington Police Department responded to a complaint of homeless people sleeping in the parking lot of a Valvoline Instant Oil Change. As they were attending to the homeless people, Appellant drove his vehicle into the parking lot of the oil change service station and began waiting for his turn to receive an oil change. Soon after the arrival of Appellant's vehicle, Officer Mascoe smelled the odor of marijuana. Officer Mascoe believed the odor was coming from Appellant's vehicle.

After finishing with the homeless individuals, Officer Mascoe and another officer approached Appellant's vehicle. Upon approaching the vehicle, Officer Mascoe observed that the passenger door and the sunroof were open. Once Officer Mascoe got to the vehicle, Appellant rolled down the driver's side window and spoke with the officer. Officer Mascoe informed Appellant that he smelled marijuana coming from his vehicle. Officer Mascoe then began questioning Appellant. At one point, Officer Mascoe instructed the other officer to check the vehicle in front of Appellant's for the smell of marijuana. That officer opened the

door of the other vehicle and smelled inside. According to that officer, there was no marijuana odor.[1]

Officer Mascoe eventually ordered Appellant to exit the vehicle so he could search it. During the search, the officers found a large quantity of cocaine and a small quantity of marijuana. Appellant was then indicted for one count of first-degree trafficking in a controlled substance[2] and one count of third-degree possession of a controlled substance.[3]

Appellant later moved to suppress the evidence found during the search. A suppression hearing was held and Officer Mascoe testified.[4] Officer Mascoe testified to the facts of the investigation and was adamant that he smelled marijuana coming from Appellant's vehicle. The officer's body camera footage was also shown and the officer's statements on camera also indicated that he was certain the marijuana smell was emanating from Appellant's vehicle.

The trial court entered an order denying Appellant's motion. The court held that Officer Mascoe had probable cause to search the vehicle based on

---

[1] Later, an employee of the oil change center informed police that he witnessed a large amount of narcotics inside this other vehicle. Around one hour later, this vehicle was stopped by different police officers who did smell marijuana inside that vehicle. The vehicle was searched, but no narcotics were found.

[2] Kentucky Revised Statutes (KRS) 218A.1412.

[3] KRS 218A.1417.

[4] Officer Mascoe was the only person who testified at the hearing.

the smell of marijuana. Appellant entered a conditional guilty plea to the charges and reserved the right to appeal the suppression issue. This appeal followed.

## ANALYSIS

Appellant argues that there was insufficient probable cause to search his vehicle. Specifically, he argues that it is impossible to smell the small amount of marijuana that was found in Appellant's vehicle. In addition, he argues that Officer Mascoe was not certain the smell was coming from Appellant's vehicle because he had another officer smell the interior of the vehicle in front of Appellant's. Finally, he claims that this other vehicle was later stopped and reportedly also smelled like marijuana; therefore, it was the likely source of the smell.

> Our standard of review of a circuit court's decision on a suppression motion following a hearing is twofold. First, the factual findings of the court are conclusive if they are supported by substantial evidence. The second prong involves a *de novo* review to determine whether the court's decision is correct as a matter of law.

*Stewart v. Commonwealth*, 44 S.W.3d 376, 380 (Ky. App. 2000) (footnotes and citations omitted).

> The Court of Appeals . . . [is] entitled to set aside the trial court's findings only if those findings are clearly erroneous. And, the dispositive question that we must answer, therefore, is whether the trial court's findings of fact are clearly erroneous, i.e., whether or not those findings are supported by substantial evidence. "[S]ubstantial evidence" is "[e]vidence that a reasonable

-4-

mind would accept as adequate to support a conclusion" and evidence that, when "taken alone or in the light of all the evidence, . . . has sufficient probative value to induce conviction in the minds of reasonable men." Regardless of conflicting evidence, the weight of the evidence, or the fact that the reviewing court would have reached a contrary finding, "due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses" because judging the credibility of witnesses and weighing evidence are tasks within the exclusive province of the trial court. Thus, "[m]ere doubt as to the correctness of [a] finding [will] not justify [its] reversal," and appellate courts should not disturb trial court findings that are supported by substantial evidence.

*Moore v. Asente*, 110 S.W.3d 336, 353-54 (Ky. 2003) (footnotes and citations omitted).

"All warrantless searches are presumed to be unreasonable and unlawful, requiring the Commonwealth to bear the burden of justifying the search and seizure under one of the exceptions to the warrant requirement." *Dunn v. Commonwealth*, 199 S.W.3d 775, 776 (Ky. App. 2006) (internal quotation marks, footnote, and citation omitted). One such exception is the "automobile exception, which allows police to search a legitimately stopped automobile where probable cause exists that contraband or evidence of a crime is in the vehicle." *Id.* (internal quotation marks, footnote, and citation omitted). In Kentucky, the smell of marijuana coming from a vehicle gives an officer probable cause to search that vehicle. *Id.* at 777; *Mayfield v. Commonwealth*, 590 S.W.3d 300, 302 (Ky. App. 2019). This is referred to as the "plain smell doctrine."

Here, Officer Mascoe testified that he was certain the smell of marijuana was emanating from Appellant's vehicle and his body camera footage corroborated that testimony. He also testified that he had the other officer smell the interior of the other vehicle in order to reduce the possibility of a confrontation with Appellant. The trial court believed Officer Mascoe's testimony that a marijuana smell was coming from Appellant's vehicle. The officer's testimony was substantial evidence to support the trial court's findings.

## CONCLUSION

Based on the foregoing, we affirm. The trial court did not err in denying Appellant's motion to suppress because Appellant's vehicle was properly searched.

ALL CONCUR.

BRIEF FOR APPELLANT:

Jerry L. Wright
Noel Caldwell
Lexington, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Christina L. Romano
Assistant Attorney General
Frankfort, Kentucky