RENDERED: AUGUST 30, 2024; 10:00 A.M.
NOT TO BE PUBLISHED
MODIFIED: OCTOBER 25, 2024; 10:00 A.M.

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1492-MR

COMMONWEALTH OF KENTUCKY                                          APPELLANT


v.                  APPEAL FROM MCCRACKEN CIRCUIT COURT
          HONORABLE WILLIAM ANTHONY KITCHEN, JUDGE
                    ACTION NO. 23-CR-00532


LEASTON BEASLEY                                                    APPELLEE


                        OPINION REVERSING

                        ** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; A. JONES AND LAMBERT, JUDGES.

THOMPSON, CHIEF JUDGE: The Commonwealth of Kentucky ("the

Commonwealth") appeals from an order of the McCracken Circuit Court granting

the motion of Leaston Beasley ("Appellee") to suppress evidence. The

Commonwealth argues that police officers had probable cause to search Appellee's

vehicle, and that the case law relied on by the circuit court is distinguishable from

the instant facts.  After careful review, we reverse the order suppressing the evidence at issue.

## FACTS AND PROCEDURAL HISTORY

At about 4:00 a.m. on June 19, 2023, Paducah police officers Michael Vowell and Daniel Hunerkoch responded to a report of a vehicle accident in Paducah, Kentucky.  On arriving, the officers observed a vehicle that had traveled off the roadway and across a ditch, and was positioned next to a fence.  Appellee was found unconscious in the driver's seat and the vehicle's engine was still running.

Officer Hunerkoch looked into the vehicle and observed a clear plastic bag containing a syringe and a small black bag.  He informed Officer Vowell of his observation and stated his belief that Appellee may have experienced a drug overdose.  Officer Hunerkoch then opened the passenger door and turned off the vehicle's engine.  The officers woke Appellee, who they suspected of driving under the influence.  Officer Hunerkoch opened the bag next to the hypodermic needle and observed pills and a white powder, which was later identified as methamphetamine.  He would later testify that the syringe looked old, like the kind used for injecting illegal drugs. Officer Vowell *Mirandized*[1] Appellee, who

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

admitted that the substances in the bag were methamphetamine and Clonazepam. Appellee subsequently was arrested.

Thereafter, Appellee was charged with possession of a controlled substance in the first degree, possession of drug paraphernalia, and possession of a controlled substance in the third degree.[2] On September 8, 2023, Appellee moved to suppress the introduction of the syringe, clear plastic bag, small black bag, and the drugs. In support of the motion, Appellee argued that the officers did not have probable cause to search the bag containing the methamphetamine and Clonazepam, nor to seize his possessions.

On December 6, 2023, the circuit court granted Appellee's motion to suppress the evidence at issue. Relying on *United States v. Morgan*, 71 F.4th 540 (6th Cir. 2023), the court concluded that the officers' entry into Appellee's vehicle without first attempting to awaken him violated his 4th Amendment rights. The court also determined that the plain view exception to the 4th Amendment's prohibition against unreasonable searches and seizures did not apply to this case, as hypodermic needles are not readily incriminating as to contraband being present. Finally, the court found that a police officer's "community care taking" or "watchman's duty" to provide aid to an incapacitated person as set out in *Morgan* did not supplant Appellee's right to be free of an unreasonable search and seizure.

---

[2] Kentucky Revised Statutes ("KRS") 218A.1415, KRS 218A.500(2), and KRS 218A.1417.

The court suppressed the introduction of the syringe, clear plastic bag, small black

bag, and illegal drugs, and this appeal followed.[3]

## STANDARD OF REVIEW

> Our standard of review of a circuit court's decision on a
> suppression motion following a hearing is twofold. First,
> the factual findings of the court are conclusive if they are
> supported by substantial evidence. The second prong
> involves a *de novo* review to determine whether the
> court's decision is correct as a matter of law.

*Stewart v. Commonwealth*, 44 S.W.3d 376, 380 (Ky. App. 2000) (footnotes and

citations omitted).

## ARGUMENTS AND ANALYSIS

The Commonwealth argues that the McCracken Circuit Court erred in

granting Appellee's motion to suppress. In support of this argument, the

Commonwealth asserts that *Morgan* is not controlling in the instant case because

the facts of *Morgan* are distinguishable from those herein. The Commonwealth

also argues that because the officers observed a syringe and baggy next to an

unconscious driver in a running vehicle that left the roadway, the officers had

probable cause to search the vehicle. Finally, the Commonwealth argues that the

plain view exception applies. Based on these arguments, the Commonwealth

requests an opinion reversing the order granting Appellee's motion to suppress.

---

[3] Although an order granting a motion to suppress is interlocutory, KRS 22A.020(4) permits the Commonwealth to appeal from it. *Commonwealth v. Norton*, 617 S.W.3d 826, 829 (Ky. App. 2021).

In *Morgan*, at about 5:00 a.m. one morning, the police observed the defendant – apparently passed out – in the driver's seat of a parked vehicle with the motor running. The officer did not immediately investigate, as he was about to assist a different stranded motorist. The officer returned to the defendant's vehicle 11 minutes later, opened the driver's door, and asked the driver if he was okay. An altercation ensued, resulting in an arrest and a search which uncovered a firearm and drugs. The federal appellate court later ruled that the officer's failure to shine his flashlight into the vehicle, to knock on the window, or to otherwise attempt to wake up the driver before opening the driver's door constituted an unlawful entry into the vehicle under those facts.

In the instant matter, the Commonwealth argues that in contrast to the facts of *Morgan*, Appellee herein was involved in a motor vehicle accident in which the vehicle had left the roadway, had crossed a ditch, come to rest against a fence, and was still in gear. It also points out that whereas no indicia of illegal activity was observed in *Morgan* before the officer opened the vehicle's door, Officer Hunerkoch observed a clear plastic bag containing a syringe and a small black bag in Appellee's vehicle. Hunerkoch later testified that in his experience, these items are frequently indicative of illegal drug use. Based on the different facts presented herein, the Commonwealth argues that the reasoning in *Morgan* is not applicable.

We first note that *Morgan* was rendered by the United States Court of Appeals for the Sixth Circuit, rather than a Kentucky appellate court. "We, of course, look to the Sixth Circuit with a great deal of respect, but as the Court of Appeals noted, we are not bound by Sixth Circuit precedent." *Cook v. Popplewell*, 394 S.W.3d 323, 346 (Ky. 2011) (citations omitted). Thus, the reasoning of *Morgan* is persuasive in the matter before us, but is not controlling.

Each of the issues raised by the Commonwealth – *i.e.*, the applicability of *Morgan*, the presence or absence of probable cause, and the plain view exception to the prohibition against warrantless searches and seizures – are fact-dependent analyses. Having closely examined the record and the law, and with due regard to the persuasive reasoning set out in *Morgan*, we conclude that the facts encountered by the Paducah officers gave them probable cause to open Appellee's vehicle door and search the clear, plastic baggy containing the syringe and black bag. The circuit court's findings of fact are uncontroverted, and because they are supported by substantial evidence of record must be regarded as conclusive. *Stewart*, *supra*.

"All warrantless searches are presumed to be unreasonable and unlawful, requiring the Commonwealth to bear the burden of justifying the search and seizure under one of the exceptions to the warrant requirement." *Dunn v. Commonwealth*, 199 S.W.3d 775, 776 (Ky. App. 2006) (internal quotation marks,

footnote, and citation omitted).  One such exception is the "automobile exception," which allows police to search a legitimately stopped automobile where probable cause exists that contraband or evidence of a crime is in the vehicle."  *Id.* (internal quotation marks, footnote, and citation omitted).

Probable cause is found where there exists "a reasonable ground for belief of guilt," and such a finding must be based on the totality of the circumstances.  *Maryland v. Pringle*, 540 U.S. 366, 371, 124 S. Ct. 795, 800, 157 L. Ed. 2d 769 (2003) (citations omitted).  Based on the totality of the circumstances  presented to the officers at the scene of the accident, we believe there existed a reasonable ground for belief of Appellee's guilt.  The instant facts amply created probable cause, because a sleeping or unconscious driver found in a vehicle that left the roadway, crossed a ditch, and came to rest against a fence, in concert with the officers' observation in plain view of a syringe and apparent drug paraphernalia, gave rise to a reasonable suspicion of criminality.  These facts are distinguishable from those of *Morgan*, wherein there was no vehicle accident and no observation of a syringe or possible drug paraphhernalia.  The facts before us are sufficient to satisfy *Dunn* and *Pringle*.  The McCracken Circuit Court erred in failing to so rule.

## **CONCLUSION**

For the foregoing reasons, we reverse the order of the McCracken

Circuit Court granting Appellee's motion to suppress.

ALL CONCUR.


BRIEFS FOR APPELLANT:          BRIEF FOR APPELLEE:

Russell Coleman               Timothy G. Arnold
Attorney General of Kentucky  Frankfort, Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky