**Sharon Leigh GRAY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 1999–CA–002319–MR.**

Court of Appeals of Kentucky.

July 28, 2000.

BEFORE: HUDDLESTON, JOHNSON and McANULTY, Judges.

## OPINION

JOHNSON, Judge:

Sharon Leigh Gray appeals from a final judgment entered by the Fayette Circuit Court on September 14, 1999, pursuant to a conditional guilty plea.[1] Since we believe substantial evidence supports the trial court's determination that there was probable cause for a second search of Gray's automobile, we affirm its denial of the motion to suppress.

Gray entered a conditional guilty plea to the following indictment counts: (1) trafficking in a controlled substance first degree, with a firearm, in violation of KRS[2] 218A.1412 and KRS 218A.992, a class B felony; (2) possession of marijuana, in violation of KRS 218A.1422, a class A misdemeanor; (3) possession of drug paraphernalia, in violation of KRS 218A.500, a class A misdemeanor; and (4) operating a motor vehicle under the influence, in violation of KRS 189A.010. Gray was sentenced to prison for ten years on count one, twelve months on count two, twelve months on count three, and thirty days on count four, with all four sentences to run concurrently, for a total of ten years.[3] Gray preserved for appellate review the issue of whether the trial court erred in refusing to suppress evidence seized from Gray's automobile in a search conducted at an impoundment lot the day after her arrest.

The charges against Gray arose out of an incident on March 25, 1999, when Officer Laura Hadden of the Kentucky Motor Vehicle Enforcement stopped Gray for driving erratically. Gray failed three field

Paul F. Guthrie, Lexington, KY, for Appellant.

A.B. Chandler, III, Attorney General, Kathryn H. Dunnigan, Asst. Attorney General, Frankfort, KY, for Appellee.

1. Kentucky Rules of Criminal Procedure 8.09.

2. Kentucky Revised Statutes.

3. The terms of Gray's conditional guilty plea provide that if she is successful on appeal in having the fruits of the second search suppressed, her plea of guilty to trafficking in a controlled substance first degree, with a firearm, in violation of KRS 218A.1412 and KRS 218A.992, a class B felony, will be withdrawn; and she will enter a guilty plea to possession of a controlled substance, with a firearm, a class C felony, and receive a sentence of five years.

sobriety tests administered to her by Officer Hadden. Gray appeared to Officer Hadden to be "dazed" and under the influence of some substance, but the officer did not smell an odor of alcohol on Gray. In order to rule out alcohol intoxication, Officer Hadden administered the preliminary breathalyzer test. This test showed no signs of alcohol use by Gray.

After Gray was arrested, advised of her *Miranda* rights and secured in Officer Hadden's cruiser, she informed Officer Hadden that there was a loaded weapon in her car. Officer Hadden located and secured the weapon and waited until a canine unit arrived before searching any further. During the canine search, the dog reacted positively to an area under the hood of Gray's car. A search revealed hashish, hashish oil, and marijuana.[4]

Following the search, Gray's car was impounded at the Fayette County impoundment lot. The following day Gray's car was moved by Vehicle Enforcement officials to their impoundment lot in Franklin County. A subsequent search of the vehicle by the Vehicle Enforcement officials at their lot yielded 49 packs of rolling papers and plastic bags containing 50 glass vials with cork stoppers.

In denying Gray's motion to suppress the evidence seized in the second search, the trial court rejected Gray's argument that the second search was unlawful because it was an "inventory search" that did not comply with the requirement that there be evidence of a standardized policy for inventory searches:

> The defendant next argues that the inventory search conducted after the car was impounded was unconstitutional because it was not conducted based upon a standardized policy pursuant to *Clark v. Commonwealth* (citation omitted). We

find that reliance on the inventory exception to a warrantless [search] is misplaced in this case. The search of the car after it was impounded was supported by the same probable cause which existed at the time it was originally searched on the side of the road. We fail to see how probable cause dissipates simply by placing the automobile in police custody where a safer and more thorough search could occur at the impound lot.

■ We must determine whether the second search was constitutional under one of the exceptions to a warrantless search. In doing so, we must determine whether the second search was an "inventory search" as claimed by Gray or a mere continuation of the first search pursuant to the automobile probable cause exception to warrantless searches. If it was an inventory search, Gray's argument would of necessity be upheld, as the Commonwealth has provided no evidence of a policy or procedure for inventory searches, as required by law.[5] However, if the search was simply a continuation of the first automobile probable cause search, the search was valid.

■ A warrantless search is presumed to be both unreasonable and unlawful, and the prosecution has the burden of proving the warrantless search was justifiable under a recognized exception to the warrant requirement.[6] One of these exceptions is the inventory search, which must be conducted for purposes other than investigation, and based upon a standardized policy, which provides standardized criteria to restrict or eliminate an officer's discretion in deciding whether to search and what to search.[7] When there is no policy of record, as in this case, then as a

---

4. While the other two officers were searching Gray's vehicle, she admitted to Officer Hadden that she had taken some methamphetamine.

5. *Clark v. Commonwealth*, Ky.App., 868 S.W.2d 101 (1993).

6. *Gallman v. Commonwealth*, Ky., 578 S.W.2d 47, 48 (1979).

7. *See Florida v. Wells*, 495 U.S. 1, 3–4, 110 S.Ct. 1632, 1634–35, 109 L.Ed.2d 1, 6 (1990).

matter of law the inventory search has not been sufficiently regulated to pass Fourth Amendment muster.[8]

■ Despite Officer Hadden's reference to the second search as an inventory search, the Commonwealth argued below, and the trial court agreed, that the second search was lawful under the automobile probable cause exception. It is well established that "automobiles ... may be searched without a warrant in circumstances that would not justify the search without a warrant of a house or an office, provided that there is probable cause to believe that the car contains articles that the officers are entitled to seize."[9] Thus, an officer may search a legitimately stopped automobile where probable cause exists that contraband or evidence of a crime is in the vehicle.[10] The search may be as thorough as a magistrate could authorize via a search warrant, including all compartments of the automobile and all containers in the automobile which might contain the object of the search.[11]

■ The first search is not at issue since Gray has conceded that it was supported by probable cause that included her erratic driving; her failing the sobriety tests, while not smelling of alcohol; her admission to possessing a firearm and to taking methamphetamine; and the canine "alert." Clearly, these circumstances provided sufficient probable cause for the officers on the scene to conduct a search of the automobile for drugs and related paraphernalia. However, we must determine whether the trial court was correct in holding that the second search of the automobile the next day at the impoundment lot

was also a constitutionally permissible probable cause search. We find support in the case law for the trial court's legal conclusion that the same probable cause that supported the first search of the automobile on the highway continued to exist and to support the second search at the impoundment lot. When police officers have probable cause to believe there is contraband inside an automobile that has been stopped on the road, the officers may conduct a warrantless search of the vehicle, *even after it has been impounded and is in police custody* (emphasis added).[12] Since Gray's arrest was made on a highway at approximately 8:45 p.m. when it was dark, it was reasonable for the officers to remove the car to a safer area to complete the search. Contrary to Gray's assertion, a determination of whether the search was made pursuant to the automobile probable cause exception or the inventory exception is not dictated in terms of *where or when* the search occurred. It would be illogical and unreasonable to hold that once a car has been removed from the public highway to police custody that the probable cause leading to the original search disappears, leaving officers with no right to search the car further unless they are doing so under another separate exception or with a warrant. As the United States Supreme Court in *Chambers* noted, where probable cause exists "there is little to choose in terms of practical consequences between an immediate search without a warrant and the car's immobilization until a warrant is obtained."[13]

We hold that the evidence that constituted substantial evidence to support the

**8.** *Id.* 495 U.S. at 4–6, 110 S.Ct. at 1635–36, 109 L.Ed.2d at 7.

**9.** *Chambers v. Maroney,* 399 U.S. 42, 48, 90 S.Ct. 1975, 1979, 26 L.Ed.2d 419, 426 (1970) (citing *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925)).

**10.** *Clark, supra* at 106.

**11.** *Estep v. Commonwealth,* Ky., 663 S.W.2d 213, 215 (1983).

**12.** *Michigan v. Thomas,* 458 U.S. 259, 261, 102 S.Ct. 3079, 3080, 73 L.Ed.2d 750, 753 (1982); *Texas v. White,* 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975). *See also United States v. Ross,* 456 U.S. 798, 807, n. 9, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).

**13.** *Chambers, supra* 399 U.S. at 52, 90 S.Ct. 1975.

initial search also constituted substantial evidence to support the trial court's determination that the second search met the automobile probable cause exception. Like the trial court, we cannot accept the characterization of the second search as an inventory search rather than as a second automobile probable cause search. The trial court did not err in denying the motion to suppress. The judgment of the Fayette Circuit Court is affirmed.

ALL CONCUR.