**Markus MORTON, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 2006–CA–001756–MR.**

Court of Appeals of Kentucky.

Aug. 24, 2007.

---

Roy Alyette Durham II, Assistant Public Advocate, Department of Public Advocacy, Frankfort, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Kristin N. Logan, Assistant Attorney General, Frankfort, KY, for appellee.

Before THOMPSON and WINE, Judges; HENRY,[1] Senior Judge.

## OPINION

THOMPSON, Judge.

Markus Morton appeals from a judgment of the Mason Circuit Court following his conditional guilty plea to possession of a controlled substance in the first degree. Pursuant to his plea, Morton reserved the right to appeal the denial of his suppression motion. Concluding that the trial court did not err, we affirm.

At Morton's suppression hearing, Maysville Police Officer Jeff Hord testified that he was driving behind Morton on East Fourth Street. When Morton came to a stop at the end of the street, without engaging his turn signal, he turned right onto U.S. Highway 68. After following Morton for approximately one mile and observing his car weave side-to-side, Hord initiated a traffic stop.

After he left his vehicle, Hord approached Morton's car and requested his

---

1. Senior Judge Michael L. Henry sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes 21.580.

driver's license and proof of insurance. Morton was able to produce his license but not his proof of insurance. While Morton remained in his car, Hord returned to his patrol vehicle and radioed a request to conduct a check of Morton's license. As they waited for the results of this check, Hord approached Morton's car with his drug-sniffing dog which had been in the back of his patrol vehicle. As the dog circled the exterior of the car, it alerted Hord to the trunk of the car and the driver's side door. From prior training, Hord testified that he knew this meant that the dog had detected the odor of drugs or recently removed drugs from the two locations.

Following these alerts, Hord placed the dog back in his patrol vehicle and then returned to Morton's car where he told Morton that the dog had detected the presence of drugs inside his car. He then asked Morton if he would consent to a search of the vehicle. After Morton refused to consent, Hord asked him to exit the car.

When he exited the car, Hord conducted a search of Morton which Hord characterized as a pat down search. During the search, Hord felt something in Morton's pants pocket. After removing the object, he discovered that it was a folded ten dollar bill with crack cocaine inside. Morton was then arrested.

After he was indicted, Morton moved to suppress the drug evidence found on his person alleging that it was the fruit of an unlawful search. Based on Hord's testimony at the suppression hearing, the trial court denied Morton's motion to suppress the drug evidence. In its written order, the trial court ruled that:

> The fact that certified drug-sniffing dog "alerted" on defendant's car gave officer probable cause to search the defendant's car, which included the right to search

the defendant who was in the car when the dog alerted. Fact that officer termed the search a "pat down" is of no significance.

After the denial of his motion, Morton entered a conditional guilty plea to first-degree possession of a controlled substance and was sentenced to one year's imprisonment. This appeal followed.

■ On appeal, Morton's sole assignment of error is that the trial court erred when it denied his motion to suppress the evidence obtained as a result of the search of his person. Specifically, he alleges that Hord's search was conducted in violation of the Fourth Amendment to the United States Constitution because it was unsupported by reasonable suspicion of a weapon nor justified as a search pursuant to the automobile exception.

On appellate review of a trial court's denial of a motion to suppress, we must apply the two-step process set out in *Ornelas v. U.S.*, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996), and adopted by Kentucky in *Adcock v. Commonwealth*, 967 S.W.2d 6 (Ky.1998). First, we review the trial court's findings of fact under the substantial evidence standard. *Id.* at 8. Under this standard, an appellate court will not disturb a trial court's findings of fact if they are supported by substantial evidence. *Commonwealth v. Harrelson*, 14 S.W.3d 541, 549 (Ky.2000). Substantial evidence has been defined as facts of substance and relative consequence having the fitness to induce conviction in the minds of reasonable persons. *Kentucky Unemployment Ins. Com'n v. Landmark Community Newspapers of Kentucky, Inc.*, 91 S.W.3d 575, 579 (Ky.2002).

After this analysis, we then conduct a *de novo* review of the trial court's application of the law to the established facts to determine whether its ruling was correct as a

matter of law. *Adcock*, 967 S.W.2d at 8. *De novo* review affords no deference to the trial court's application of the law to the established facts. *Cinelli v. Ward*, 997 S.W.2d 474, 476 (Ky.App.1998).

In this case, the only evidence presented was from the Commonwealth's witness, Officer Hord. During the suppression hearing, Hord's testimony was clear and uncontroverted. Accordingly, we conclude that the trial court's findings of fact were supported by substantial evidence because the evidence presented to the trial court could have induced belief in the minds of reasonable persons that Hord's testimony was reliable. *Com., Dept. of Educ. v. Commonwealth*, 798 S.W.2d 464, 467 (Ky.App. 1990).

Morton argues that Hord's search should have been invalidated because it was not justified pursuant to the automobile exception. Although he readily concedes that probable cause existed to search his vehicle because of the drug dog's alerts, Morton argues that the search of his person was not authorized under the automobile exception as a result of his mere presence within the vehicle. We disagree.

We first observe that "[i]t is fundamental that all searches without a warrant are unreasonable unless it can be shown that they [are] within one of the exceptions to the rule that a search must be made pursuant to a valid warrant." *Cook v. Commonwealth*, 826 S.W.2d 329, 331 (Ky.1992). One such exception is the automobile exception which permits an officer to search a legitimately stopped automobile where probable cause exists that contraband or evidence of a crime may be in the vehicle. *Gray v. Commonwealth*, 28 S.W.3d 316, 319 (Ky.App.2000). Since Morton concedes that his vehicle was legitimately stopped and that the drug dog's alerts provided probable cause to search his vehicle, the issue is simply whether or not the probable cause which triggered the automobile exception extended to Morton, the lone occupant of the vehicle, permitting the search of his person. Although there is no Kentucky case law on point, we conclude that our precedents permit such a search under the facts of this case.

In this case, after Morton was stopped and while remaining in his car, a drug dog alerted Hord to two locations, including the driver's side door, where Morton was sitting. After Morton denied Hord's request to search his vehicle, Hord asked him to exit his vehicle at which time he searched Morton and found crack cocaine.

We find this case analogous to the facts presented in *Dunn v. Commonwealth*, 199 S.W.3d 775 (Ky.App.2006), wherein the police smelled a strong odor of marijuana after approaching a vehicle with two occupants. Police then asked the driver, Dunn, to exit the vehicle and he was immediately searched for contraband. As a result of the search of his person, police found a cellophane packet containing cocaine.

Dunn moved the circuit court to suppress evidence of the cocaine under the theory that it was the fruit of an unlawful search. Overruling his motion, the circuit court ruled that the strong smell of marijuana emanating from Dunn's vehicle provided probable cause to search the vehicle, all items contained therein, and the vehicle's occupants. We affirmed.

Applying *Dunn* to the facts of this case, when the drug dog detected the odor of drugs inside Morton's vehicle, particularly at the driver's side door, Hord was provided with probable cause to search the vehicle pursuant to the automobile exception which extended to a search of Morton under the facts of this case.

Although Morton cites *State v. Wallace,* 372 Md. 137, 812 A.2d 291 (2002), and *People v. Fondia,* 317 Ill.App.3d 966, 251 Ill.Dec. 553, 740 N.E.2d 839 (2000), for the proposition that our sister jurisdictions that have addressed this exact issue have not permitted searches of a vehicle's occupants, we do not believe that these cited cases stand for the proposition that Morton asserts.

In *Wallace, supra,* at 295–296, the state contended that a positive canine alert provided the police with probable cause to search all passengers in an automobile but the Maryland Court of Appeals rejected this argument. While recognizing the continuing validity of the automobile exception, Maryland's Highest Court held that a passenger in an automobile can only be searched for contraband when police have probable cause to believe that the passenger they desire to search is in possession of contraband. *Id.* at 298.

Finally, the *Wallace* Court discussed the distinction between a sole occupant and the owner-driver of a car as contrasted with mere passengers. *Id.* at 303–305. Passengers in an automobile are not generally perceived to have the kind of control over the contents of an automobile as do drivers. Consequently, "some additional substantive nexus between the passenger and the criminal conduct must appear to exist in order for an officer to have probable cause to either search or arrest a passenger." *Id.* at 304.

In *People v. Fondia,* 251 Ill.Dec. 553, 740 N.E.2d at 841, the defendant appealed the trial court's ruling that a canine alert provided officers with probable cause to search a vehicle and all of its occupants. Reversing the trial court, the Appellate Court of Illinois held that the search of the defendant's person was unconstitutional because there was no indication that the canine's alert was a reaction to the pres-

ence of drugs on the defendant. *Id.* 251 Ill.Dec. 553, 740 N.E.2d at 844.

As for the instant case, Morton was the driver and lone occupant of the vehicle, and the dog alerted police to the presence of drugs inside the vehicle. From these facts and our analysis in this case, and from the guidance of case law from other jurisdictions, we conclude that a positive canine alert, signifying the presence of drugs inside a vehicle, provides law enforcement with the authority to search the driver for drugs but does not permit the search of the vehicle's passengers for drugs unless law enforcement can articulate an independent showing of probable cause as to each passenger searched.

We believe that this holding strikes the appropriate balance between providing our law enforcement with the authority to ferret out crime and providing our citizens the necessary security against unreasonable searches and seizures upon their persons by law enforcement. *Vernonia School Dist. 47J v. Acton,* 515 U.S. 646, 652–653, 115 S.Ct. 2386, 132 L.Ed.2d 564 (1995).

■ Finally, we address Morton's underlying argument, which was addressed in the Commonwealth's brief, that Hord's discovery of the crack cocaine should have been invalidated because Hord's subjective justification for the search did not provide him with sufficient legal grounds to search inside of Morton's pants pocket. As the argument goes, after Hord asked Morton to exit his vehicle, Hord testified that he patted down Morton for weapons to ensure his safety. When an officer conducts a protective search for weapons, the search is strictly limited to uncovering objects that can reasonably be believed to be weapons. *Baltimore v. Commonwealth,* 119 S.W.3d 532, 538 (Ky.App.2003).

However, despite his search for weapons, Hord testified that when he felt Morton's pants pocket that he felt an object but did not know what it was at that moment. Because Hord did not believe that the object was a weapon, Morton argues that the search should have concluded at that moment. However, Hord pulled out the object from Morton's pocket without the requisite showing of reasonable suspicion of a weapon.

Moreover, since Hord did not immediately believe that the object was contraband, Morton argues that Hord's search could not be validated based on probable cause pursuant to the "plain feel" exception which "allows for the discovery of nonthreatening contraband if the contraband is immediately apparent from the sense of touch while the suspect is lawfully frisked." *Commonwealth v. Banks*, 68 S.W.3d 347, 351 (Ky.2001).

Although Morton is correct that Hord's subjective justification for seizing the drug evidence does not pass constitutional muster, the United States Supreme Court has held that an officer's subjective reason for finding probable cause (except for the facts that he knows) is irrelevant to the existence of probable cause. *Devenpeck v. Alford*, 543 U.S. 146, 153, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004). The test is not whether the officer's subjective belief is constitutionally adequate to support his action but whether or not the facts known to the officer at the time of his action can validate his actions under any permissible constitutional standard. *Id.*

Applying the law to this case, although Hord's subjective justification for pulling out the folded dollar bill was not constitutionally adequate, the totality of the facts known to Hord at the time of his action, viewed objectively, would permit a finding of probable cause to search Morton for drugs because of the dog's alert of his vehicle.

For the foregoing reasons, the judgment of the Mason Circuit Court is affirmed.

ALL CONCUR.