**Joshua Robert GREER, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee**

**NO. 2016–CA–001006–MR**

Court of Appeals of Kentucky.

MARCH 10, 2017

BRIEF FOR APPELLANT: Shannon Dupree, Frankfort, Kentucky

BRIEF FOR APPELLEE: Andy Beshear, Attorney General of Kentucky, Jesse L. Robbins, Frankfort, Kentucky

BEFORE: CLAYTON, DIXON, AND NICKELL, JUDGES.

## OPINION

CLAYTON, JUDGE:

Joshua Greer appeals from the Fayette Circuit Court's amended judgment and sentence of conviction entered July 7, 2016, subsequent to the court's order denying his motion to suppress. We affirm the circuit court.

On September 22, 2015, Officer Matthew Merker of the Lexington Police Department attended the routine roll call briefing for the evening shift. During this briefing, Officer Ryan Nichols informed the attending officers that they should be on the lookout for various persons believed to be engaging in drug-related activity in the Centre Parkway/Appian Way area of Lexington, Kentucky. The appellant, Joshua Greer, was mentioned by name during this briefing, and officers were also informed as to the description and license plate number of his vehicle.

Later that evening, at approximately 8:42 p.m., Officer Merker was patrolling the Centre Parkway area in his cruiser when he spotted Greer's vehicle traveling on Appian Way. Officer Merker recognized the vehicle because it matched the description and license plate number provided during the roll call briefing. The officer also observed that the vehicle's windows were tinted to such a degree that he could not identify the gender or features of the driver. After identifying the vehicle, Officer Merker telephoned Officer Nichols, who informed him that he needed to find a reason to stop Greer's vehicle, if possible. Shortly afterward, Officer Merker initiated a traffic stop based upon what he perceived to be excessive window tinting of the vehicle, an equipment violation under Kentucky Revised Statutes (KRS) 189.110(4).

When the officer approached the vehicle, he immediately detected the odor of raw marijuana. As expected, the vehicle was being driven by the appellant, Joshua Greer. Officer Merker explained to Greer that he stopped the car based upon what he believed was excessive window tinting. The officer then attempted to use his tint meter to confirm his suspicions about the tinting, but the device malfunctioned. At some point, other officers, including Officer Nichols, arrived on the scene to assist. Officer Merker asked Greer if there was marijuana in the car, and he admitted there was a quantity of the drug located in the center console. In the subsequent search, Officer Merker not only discovered marijuana in the center console, but also a loaded .40 caliber handgun in the glove compartment. Finally, Officer Merker made another attempt to verify the degree of window tinting by using another officer's tint meter, but this second device also failed.

In addition to the charge of excessive window tinting, Greer was placed under arrest for being a convicted felon in pos-

session of a handgun,[1] possession of marijuana,[2] and for driving in violation of his instructional permit.[3] The grand jury declined to charge Greer for excessive window tinting, but returned an indictment on all remaining charges stemming from the incident. On February 19, 2016, Greer filed a motion to suppress evidence in Fayette Circuit Court. Following a hearing held March 1, 2016, the circuit court denied the motion to suppress from the bench on March 11, 2016, and entered a written order to that effect on March 16, 2016. Greer subsequently entered a conditional guilty plea to amended charges of being a felon in possession of a firearm and possession of marijuana, reserving the right to appeal the denial of his suppression motion. The Fayette Circuit Court entered its amended final judgment on July 7, 2016, sentencing Greer to a concurrent term of four years' incarceration with the Department of Corrections. This appeal follows.

■■■ Greer's sole issue stems from the circuit court's denial of his motion to suppress. "When reviewing a trial court's denial of a motion to suppress, we utilize a clear error standard of review for factual findings and a *de novo* standard of review for conclusions of law." *Jackson v. Commonwealth*, 187 S.W.3d 300, 305 (Ky. 2006) (citing *Welch v. Commonwealth*, 149 S.W.3d 407, 409 (Ky. 2004)). Greer argues the initial traffic stop was based on Officer Merker's incorrect assessment of a vehicle equipment violation, which he contends was mere pretext to give police an opportunity to search his vehicle. He argues there was no substantial evidence that his vehicle was tinted in violation of KRS 189.110(4), and stresses that the grand jury refused to indict him on the charge.

In further support of his argument, Greer called Kevin Turner as a witness during the suppression hearing. Mr. Turner operates Turner Tinting in Lexington, and he testified that he complied with KRS 189.110(4) when he tinted Greer's vehicle. Greer asserts the traffic stop was therefore without a reasonable basis and the subsequent search should be suppressed.

Once the officer smelled the marijuana coming from the car, he had probable cause to search the vehicle and all of its contents. *Dunn v. Commonwealth*, 199 S.W.3d 775, 776 (Ky. App. 2006). Therefore, the circuit court correctly found that this case hinges on whether the initial stop was justified. Officer Merker testified for the Commonwealth during the suppression hearing, and stated that he was trained in identifying excessive window tinting from his time at the police academy, as well as from his field training. He testified that an overly-tinted window would obscure the gender, features, and clothing details of the driver, and he observed these factors regarding Greer's vehicle prior to the stop. He also testified that he had stopped approximately ten to twenty people in his three and one-half years as an officer, and had never had his suspicions on excessive window tinting refuted by a tint meter. In its denial of the suppression motion, the circuit court found the vehicle windows were in fact tinted, the officer had a reasonable suspicion based on his training and experience that the tint was illegal, and the appellant did not ultimately need to be found guilty of improper tinting to justify the initial stop.

■■■ Greer strongly argues the initial stop was mere pretext, based upon the

---

1.  KRS 527.040(2) states as follows: "Possession of a firearm by a convicted felon is a Class D felony unless the firearm possessed is a handgun in which case it is a Class C felony."

2.  KRS 218A.1422, a Class B misdemeanor.

3.  KRS 186.450, a traffic violation.

information received by Officer Merker in the roll call briefing, as well as the telephone call to Officer Nichols in which Officer Merker was instructed to find a justification to stop Greer's vehicle. The Commonwealth does not dispute Greer's assertion regarding pretext, but instead correctly argues that the officer's subjective intentions were irrelevant. "It should be noted with regard to the traffic stop, that an officer who has probable cause to believe a civil traffic violation has occurred may stop a vehicle regardless of his or her subjective motivation in doing so." *Wilson v. Commonwealth*, 37 S.W.3d 745, 749 (Ky. 2001) *cited with approval in Commonwealth v. Bucalo*, 422 S.W.3d 253, 258 (Ky. 2013); *see also Whren v. United States*, 517 U.S. 806, 813, 116 S.Ct. 1769, 1774, 135 L.Ed.2d 89 (1996). Greer urges us to "reconsider[ ] the Commonwealth's adherence to *Whren*." We believe such a departure from United States Supreme Court precedent would not be in keeping with our own Supreme Court precedents, which have found that "Section 10 of the Kentucky Constitution provides no greater protection than does the federal Fourth Amendment." *Chavies v. Commonwealth*, 354 S.W.3d 103, 107 (Ky. 2011) (quoting *LaFollette v. Commonwealth*, 915 S.W.2d 747, 748 (Ky. 1996)). Thus, we decline to assign any significance to the claim of pretext, and focus instead on whether justification existed for the initial stop.

■ "Traffic stops are similar to *Terry* stops and must be supported by articulable reasonable suspicion of criminal activity. [T]he level of articulable suspicion necessary to justify a stop is considerably less than proof of wrongdoing by preponderance of the evidence." *Chavies*, 354 S.W.3d at 108 (citations and internal quotation marks omitted). To the best of our knowledge, there are no reported cases in Kentucky specifically analyzing whether an officer's suspicion of improper tinting may form the basis for a traffic stop. However, some federal courts have generally answered this question in the affirmative. "[T]he relevant question is not whether [Appellant's] tinted windows actually violated Georgia law, or whether [the officer] examined the tinting after making his initial stop. Rather, the question is whether he had probable cause to believe the window tinting was unlawful at the time of the stop." *United States v. Flores*, 30 F.Supp.3d 599, 603 (E.D. Ky. 2014). "Due to the officers' familiarity with window tinting and their estimate that the vehicle was tinted substantially darker than permitted by law, we agree with the district court's determination that the officers had a proper basis to initiate the traffic stop." *United States v. Shank*, 543 F.3d 309, 313 (6th Cir. 2008); *see also Weaver v. Shadoan*, 340 F.3d 398, 407–08 (6th Cir. 2003).

We agree with the federal courts' legal reasoning on this issue. In addition, Officer Merker's testimony at the motion hearing amounts to substantial evidence supporting the circuit court's finding of reasonable suspicion for the stop; *see Chavies*, 354 S.W.3d at 108. Furthermore, despite Greer's assertions to the contrary, we do not find any significance regarding the propriety of the stop in the grand jury's refusal to indict on the arresting offense. "[T]he outcome of the trial on the major offense should not be determined by the disposition of the arresting charge." *Baril v. Commonwealth*, 612 S.W.2d 739, 741–42 (Ky. 1981) (quoting *Pennington v. Commonwealth*, 429 S.W.2d 364 (Ky. 1967)). Indeed, our Supreme Court has commented on the fact that, when a grand jury does not return an indictment, "the prosecutor may resubmit the case to another grand jury." *Malone v. Commonwealth*, 30 S.W.3d 180, 182 (Ky. 2000). We find the circuit court did not err in its denial of the motion to suppress evidence in this case.

For the foregoing reasons, we affirm the Fayette Circuit Court.

ALL CONCUR.