RENDERED: APRIL 30, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1561-MR

DYVONTEA TROY RONDELL
DAVIS

APPELLANT

v.

APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE KIMBERLY N. BUNNELL, JUDGE
ACTION NO. 17-CR-01336

COMMONWEALTH OF KENTUCKY

APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: LAMBERT, MAZE, AND L. THOMPSON, JUDGES.

LAMBERT, JUDGE: Dyvontea Troy Rondell Davis entered a conditional guilty plea to several drug-related charges, reserving his right to appeal the Fayette Circuit Court's order denying his motion to suppress evidence. After careful review, we affirm.

The incident leading to Davis's arrest occurred on the evening of October 20, 2017, when Officer Jessie Mascoe was running license plates on

Contact Street in Lexington, Kentucky. As Davis drove by, Officer Mascoe noticed that the license plate on Davis's vehicle was not properly illuminated.[1] Officer Mascoe initiated a traffic stop, pulling Davis over on nearby Tennessee Avenue. As the officer approached the passenger side of the car, he noticed an odor of marijuana emanating from inside. Davis admitted to having smoked marijuana in the vehicle. Officer Mascoe searched Davis's person as well as the vehicle and discovered, among other items, heroin, cocaine, methamphetamine, marijuana, and drug paraphernalia. Davis was arrested for possession of those items, for attempting to tamper with physical evidence, for improper license plate illumination, and for the status offense of persistent felony offender in the second degree. Davis made bond and waived the matter to the grand jury; an indictment was returned on December 4, 2017. He was arraigned on October12, 2018.

On February 1, 2019, Davis filed a motion to suppress the evidence obtained during the search of his person and vehicle. A hearing was held in April of that year. At the conclusion of the hearing, the circuit court denied the motion, stating on the record that the search was permissible pursuant to *Dunn v. Commonwealth*, 199 S.W.3d 775 (Ky. App. 2006). The court, however, granted

---

[1] Kentucky Revised Statute (KRS) 186.170 requires, in pertinent part, "Plates shall be kept legible at all times and the rear plate shall be illuminated when being operated during the hours designated in KRS 189.030."

Davis's motion to suppress statements made by him prior to Officer Mascoe reading Miranda warnings.[2]

Because of this ruling, on June 7, 2019, Davis entered a conditional guilty plea to four counts of the eight-count indictment.[3] He was sentenced to a total of one year's incarceration, ordered to run consecutively with other felony convictions. The remaining counts (including the status offense) were dismissed. This appeal followed.

Davis contends that the circuit court erred in denying his motion to suppress the evidence, arguing that the initial stop was a pretext, and that everything obtained thereafter was the fruit of the poisonous tree. We begin by enunciating our standard of review, namely:

> "The standard of review for a trial court's ruling on a suppression motion is two-fold. We review the trial court's factual findings for clear error and deem conclusive the trial court's factual findings if supported by substantial evidence."[4] *Williams v. Commonwealth*, 364 S.W.3d 65, 68 (Ky. 2011) (footnote omitted). We review the trial court's application of the law to the facts

---

[2] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[3] Kentucky Rule of Criminal Procedure (RCr) 8.09 provides: "With the approval of the court a defendant may enter a conditional plea of guilty, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified trial or pretrial motion. A defendant shall be allowed to withdraw such plea upon prevailing on appeal."

[4] "Substantial evidence is evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men." *Commonwealth v. Jennings*, 490 S.W.3d 339, 346 (Ky. 2016) (citation omitted).

*de novo*. *Commonwealth v. Kelly*, 180 S.W.3d 474, 477 (Ky. 2005).

> On appeal, we must determine: (1) whether the circuit court correctly denied [Davis's] motion to suppress based on the plain smell doctrine; and (2) whether it correctly ruled that [Davis] was not subject to a custodial interrogation during the traffic stop and search.

*Mayfield v. Commonwealth*, 590 S.W.3d 300, 302 (Ky. App. 2019). The *Mayfield*

Court went on to state:

> *Dunn* correctly extended the "plain smell" doctrine to searches of a person subject to a traffic stop, rather than solely the search of the car. When an officer pulls someone over, the individual's car is readily moveable, the operator and other occupants have been alerted to the officer's presence, and the car's or individual's contents "may never be found again if a warrant must be obtained." *Chambers v. Maroney*, 399 U.S. 42, 51, 90 S. Ct. 1975, 1981, 26 L. Ed. 2d 419 (1970). Because of this, the automobile exception to the warrant requirement extends to the operator of the vehicle when the "plain smell" of marijuana results in the existence of probable cause, which justifies a search independently of an arrest.

*Mayfield*, 590 S.W.3d at 305.

Therefore, once Officer Mascoe smelled marijuana coming from the

vehicle, he had probable cause to search it, its occupants, and all its contents.

*Dunn*, 199 S.W.3d at 776. *Dunn* is grounded in the "automobile exception," which

"permits an officer to search a legitimately stopped automobile [without a warrant]

where probable cause exists that contraband or evidence of a crime may be in the

-4-

vehicle." *Commonwealth v. Elliott*, 322 S.W.3d 106, 110-11 (Ky. App. 2010) (quoting *Morton v. Commonwealth*, 232 S.W.3d 566, 569 (Ky. App. 2007)).

"At a suppression hearing, the ability to assess the credibility of witnesses and to draw reasonable inferences from the testimony is vested in the discretion of the trial court." *Pitcock v. Commonwealth*, 295 S.W.3d 130, 132 (Ky. App. 2009). Here the circuit court heard the witnesses, assessed their credibility, and drew reasonable inferences from the testimony before deciding to deny the motion to suppress.

The smell of marijuana emanating from a vehicle constitutes probable cause to search the person and to search the vehicle. *Greer v. Commonwealth*, 514 S.W.3d 566, 568 (Ky. App. 2017); *Dunn*, 199 S.W.3d at 777. We find the circuit court did not err in its denial of the motion to suppress evidence in this case. *Greer*, 514 S.W.3d at 569.

Accordingly, the judgment of the Fayette Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Julia K. Pearson
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General

E. Bedelle Lucas
Assistant Attorney General
Frankfort, Kentucky