RENDERED:  OCTOBER 28, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0817-MR

AARON JORDAN SLEET                                                APPELLANT

v.
APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE KIMBERLY N. BUNNELL, JUDGE
ACTION NO. 18-CR-00684

COMMONWEALTH OF KENTUCKY                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  JONES, MAZE, AND MCNEILL, JUDGES.

MCNEILL, JUDGE:  Aaron Jordan Sleet ("Sleet") appeals from the Fayette Circuit

Court's order denying his motion to suppress evidence due to an unlawful search

of his vehicle.  The trial court found probable cause based upon a police officer's

testimony that he smelled marijuana.  Sleet argues the officer's testimony was

unreliable.  Because witness credibility is within the exclusive province of the trial

court, and the trial court's finding that there was probable cause to search Sleet's vehicle was supported by substantial evidence, we affirm.

## BACKGROUND

On the evening of February 13, 2018, Officer Ryan Wells of the Lexington Police Department stopped Sleet for driving with only one headlight.[1] As he approached the vehicle, Officer Wells detected a brief odor of fresh marijuana. After speaking with Sleet about the headlight and gathering his information, Officer Wells returned to his cruiser to check for warrants and learned that Sleet had a prior marijuana trafficking charge.[2] Officers Phillip Johnson and Joe Baker, who had arrived on scene to assist with the traffic stop, removed Sleet from the vehicle.

Upon returning to Sleet's vehicle, Officer Wells noticed torn pieces of a plastic grocery bag, consistent with packaging narcotics for sale, on both the driver's and passenger's side floorboards. The officers then searched the vehicle based upon the smell of marijuana and the makeshift drug packaging, and found marijuana shake in a cupholder and marijuana buds under the seats. In the

---

[1] Officer Wells testified that he was part of Lexington Police Department's Community Law Enforcement Action Response (CLEAR) Unit, responsible for proactive policing in high narcotic areas.

[2] The record indicates the charge was later dismissed.

backseat of the vehicle was a backpack containing marijuana, digital scales, baggies of suspected powder cocaine, and rolling papers.

Sleet was indicted for first-degree trafficking in a controlled substance (cocaine), first-degree promoting contraband, possession of drug paraphernalia, possession of marijuana, and having a non-working headlight. Sleet moved to suppress the evidence recovered during the traffic stop, arguing that the police lacked probable cause to search the vehicle. At the suppression hearing, Officer Wells testified that he smelled a brief odor of marijuana coming from Sleet's vehicle which, the Commonwealth argued, justified the officers' search under the plain smell doctrine.

Sleet challenged Officer Wells' credibility, contending this claim was only invented after the officers had searched the vehicle and found drugs. Sleet pointed to the police body cam video which did not show Officer Wells say anything about marijuana to either Sleet or the other officers. According to Sleet, the traffic stop was a pretext to search for drugs and the probable cause fabricated.

In ruling on the motion to suppress, the trial court noted that whether the police had probable cause to search the vehicle turned on whether Officer Wells smelled marijuana. The trial court weighed the evidence and ultimately found Officer Wells' testimony reliable. It specifically pointed to the uniform citation, where Officer Wells reported "slightly detect[ing]" a "faint" odor of

marijuana and reasoned that if Officer Wells wanted to fabricate a justification for the search retroactively, he likely would have used stronger language. The trial court then denied the motion, holding the police had probable cause to search the vehicle under the plain smell doctrine.

Following the denial of his motion to suppress, Sleet entered a conditional guilty plea to attempted first-degree possession of a controlled substance and possession of drug paraphernalia and was sentenced to six months' probation in accordance with the plea deal. This appeal followed. Other facts will be set forth as necessary below.

## ANALYSIS

"Our standard of review of the trial court's denial of a suppression motion is twofold. First, the trial court's findings of fact are conclusive if they are supported by substantial evidence; and second, the trial court's legal conclusions are reviewed de novo." *Milam v. Commonwealth*, 483 S.W.3d 347, 349 (Ky. 2015). "Substantial evidence is evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men." *Commonwealth v. Jennings*, 490 S.W.3d 339, 346 (Ky. 2016) (internal quotation marks and citation omitted).

On appeal, Sleet concedes the smell of marijuana coming from a person's vehicle gives police probable cause to search their vehicle. *See Greer v.*

*Commonwealth*, 514 S.W.3d 566, 568 (Ky. App. 2017). His sole argument is that the trial court erred in finding Officer Wells' claim that he smelled marijuana reliable. Sleet contends this finding is not supported by substantial evidence because no independent evidence supports Officer Wells' testimony. He again cites the body cam footage which contains no mention of marijuana, as well as Officer Johnson's testimony that Officer Wells never told him he smelled marijuana prior to the search.[3]

However, "[t]he trial court is in the best position to judge the credibility of witnesses and this Court is bound by the trial court's findings of fact unless there is a clear error or abuse of discretion." *Greene v. Commonwealth*, 244 S.W.3d 128, 136 (Ky. App. 2008) (citing *Commonwealth v. Whitmore*, 92 S.W.3d 76, 79 (Ky. 2002)). The trial court considered Sleet's arguments, including questioning why Officer Wells would inquire about a K-9 unit if he already had probable cause to search based upon the smell of marijuana. But it disagreed with Sleet that Officer Wells' failure to confront Sleet about the odor of marijuana

---

[3] On appeal, Sleet also cites an October 20, 2020, newspaper article reporting that Officer Wells recently received a six-week suspension for unsatisfactory performance. Sleet argues the article is further evidence that Officer Wells' testimony is unreliable. However, we decline to consider this evidence because it was not before the trial court. Further, the newspaper article is inadmissible hearsay. *See Bowling v. Lexington-Fayette Urban Cnty. Government*, 172 S.W.3d 333, 342 (Ky. 2005). The article is also of questionable relevance, because Officer Wells was reportedly disciplined for "his overall demeanor, not documenting and investigating incidents appropriately, and not treating detainees according to standards[.]" There were no allegations of falsifying evidence or lying under oath.

proved the claim was a later fabrication. Instead, it reasoned Officer Wells' silence was an officer safety consideration aimed at avoiding potential hostility.

The trial court gave more weight to Officer Wells' word choice in his citation, noting that if an officer were going to lie about smelling marijuana, they would likely choose stronger words than "slightly detecting" a "faint odor." In sum, the trial court properly weighed the evidence and testimony and found Officer Wells' testimony credible. While Sleet argues this finding was clearly erroneous because no independent evidence corroborates Officer Wells' claim to smelling marijuana, our Supreme Court has consistently held that an officer's testimony alone is sufficient to meet the substantial evidence standard. *See, e.g.*, *Cobb v. Commonwealth*, 509 S.W.3d 705, 708 (Ky. 2017); *Williams v. Commonwealth*, 364 S.W.3d 65 (Ky. 2011); *Payton v. Commonwealth*, 327 S.W.3d 468 (Ky. 2010). Essentially, Sleet asks us to reweigh the evidence and overturn the trial court's credibility determination, but this we cannot do.

> Regardless of conflicting evidence, the weight of the evidence, or the fact that the reviewing court would have reached a contrary finding, due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses because judging the credibility of witnesses and weighing evidence are tasks within the exclusive province of the trial court.

*Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003) (internal quotation marks and footnotes omitted).

-6-

Finally, Sleet makes a passing challenge to whether Officer Wells was qualified to detect the odor of marijuana, however, his brief does not state whether this argument was properly preserved for our review. Further, the argument is not well developed and contains no citations to pertinent authority as required by our rules. *See* CR[4] 76.12(4)(c)(v). Therefore, we decline to address it.

## CONCLUSION

Based upon the foregoing, the judgment of the Fayette Circuit Court is affirmed.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Steven J. Buck<br>Frankfort, Kentucky | Daniel Cameron<br>Attorney General of Kentucky<br><br>Christopher Henry<br>Assistant Attorney General<br>Frankfort, Kentucky |

---

[4] Kentucky Rules of Civil Procedure.