RENDERED:  AUGUST 4, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0612-MR

RONALD WILLIAMS                                                                    APPELLANT

|          | APPEAL FROM GRAYSON CIRCUIT COURT |
|----------|-----------------------------------|
| v.       | HONORABLE KENNETH H. GOFF, II, JUDGE |
|          | ACTION NO. 21-CR-00262 |

COMMONWEALTH OF KENTUCKY                                                APPELLEE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; GOODWINE AND TAYLOR,
JUDGES.

GOODWINE, JUDGE:  Ronald Williams ("Williams") appeals from a judgment
and sentence on a conditional plea of guilty of the Grayson Circuit Court.
Williams argues the circuit court improperly denied his motion to suppress on
which his plea is conditioned.  After careful review, we vacate and remand.

On September 10, 2021, Williams was indicted on nine counts:  (1)
first-degree trafficking in a controlled substance (methamphetamine); (2) first-

degree possession of a controlled substance (methamphetamine); (3) first-degree possession of a controlled substance (heroin); (4) second-degree hindering prosecution or apprehension; (5) possession of drug paraphernalia; (6) prescription controlled substance not in proper container; (7) third-degree trafficking in a controlled substance; (8) possession of marijuana; (8) first-degree persistent felony offender.

On January 21, 2022, Williams filed a two-sentence *pro se* motion for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978). The motion stated: "Defendant Ronald Dale Williams Jr. comes before the Grayson County Court to file a motion for a Franks Hearing.[1] This motion is to be heard on the next available court date." Record ("R.") at 121. Williams did not explain the basis for his motion.

On March 15, 2022, the circuit court held an evidentiary hearing on the motion. The Commonwealth called Detective Jesse Townsend ("Det. Townsend") with the Greater Hardin County Narcotics Task Force. Det. Townsend testified regarding the affidavit he prepared in seeking a search warrant for Williams' residence at Shrewsbury Road. The affidavit relied on statements

---

[1] *Franks* outlines the process for proceeding on a motion to suppress "where the defendant alleges that the issuing judge was presented with an affidavit containing false statements or omitting material facts." *Minks v. Commonwealth*, 427 S.W.3d 802, 809 (Ky. 2014).

provided to the police by a confidential informant ("CI") who did not buy drugs from Williams, an anonymous woman who previously resided with Williams, and two women who reported their friend was missing and was at the Shrewsbury Road address. All three statements included the same Shrewsbury Road address. Williams also testified during the hearing. He denied holding women at his home against their will, and he said the statements of the women were false. Williams alleged the anonymous woman told police Williams had drugs in his home because he kicked her out of his house. On cross-examination, Williams acknowledged he lived at the Shrewsbury Road address when the search warrant was executed.

Williams' counsel argued the affidavit did not contain sufficient evidence to establish probable cause of narcotics trafficking and questioned the credibility of all witness statements in the affidavit. The Commonwealth argued the affidavit contained three instances of individuals saying there were drugs being sold by Williams at the Shrewsbury Road location.

At the end of the hearing, the circuit court orally ruled that "the court having listened to the testimony, the court is going to overrule the motion for suppression." Video Record ("VR") 3/15/22 at 4:37:36-4:37:42. The circuit court subsequently entered a written order denying Williams' motion to suppress, but it did not include any findings of fact or conclusions of law.

On April 12, 2022, Williams entered a conditional guilty plea, preserving the suppression issue, in exchange for the Commonwealth's recommended total sentence of ten years for (1) first-degree trafficking in a controlled substance (methamphetamine); (2) possession of drug paraphernalia; (3) prescription controlled substance not in proper container; (4) third-degree trafficking in a controlled substance; and (5) possession of marijuana. The Commonwealth also agreed to dismiss (1) first-degree possession of a controlled substance (methamphetamine); (2) first-degree possession of a controlled substance (heroin); (3) second-degree hindering prosecution or apprehension; and (4) first-degree persistent felony offender as a condition of the guilty plea. On May 2, 2022, the circuit court accepted the Commonwealth's recommendation and sentenced Williams to ten years' imprisonment. This appeal followed.

On appeal, Williams argues the circuit court erred in failing to: (1) make any findings of fact and conclusions of law on the video record or in a written order; or, alternatively, (2) find a lack of probable cause for the issuance of the search warrant.

In reviewing a suppression issue, we apply a two-pronged approach: "When reviewing a trial court's denial of a motion to suppress, we utilize a clear error standard of review for factual findings and a *de novo* standard of review for

conclusions of law." *Greer v. Commonwealth*, 514 S.W.3d 566, 568 (Ky. App. 2017) (quoting *Jackson v. Commonwealth*, 187 S.W.3d 300, 305 (Ky. 2006)).

First, Williams argues the circuit court erred in failing to make any oral or written findings of fact and conclusions of law in denying his motion to suppress. Williams failed to preserve this error, but supports his argument with *Harris v. Commonwealth*, No. 2019-CA-000665-MR, 2020 WL 969138 (Ky. App. Feb. 28, 2020).[2] Conversely, the Commonwealth argues that because Williams failed to present this argument to the trial court, we cannot review it.

Kentucky Rule of Civil Procedure ("CR") 52.01 requires the trial court to make findings of fact and conclusions of law in its judgments:

> In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specifically and state separately its conclusions of law thereon and render an appropriate judgment; and in granting or refusing temporary injunctions or permanent injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. Requests for findings are not necessary for purposes of review except as provided in Rule 52.04.

Additionally, CR 52.04 provides:

> A final judgment shall not be reversed or remanded because of the failure of the trial court to make a finding of fact on an issue essential to the judgment unless such failure is brought to the attention of the trial court by a

---

[2] We cite this unpublished opinion as persuasive, not binding, authority. *See* Kentucky Rules of Appellate Procedure ("RAP") 41(A).

written request for a finding on that issue or by a motion pursuant to Rule 52.02.

In *Commonwealth v. Smith*, 542 S.W.3d 276 (Ky. 2018), the Supreme Court of Kentucky explained that, generally, issues of fact must be preserved via a CR 52.02 motion to be considered on appeal:

> An appellate court may decide only those issues which were fully presented to the trial court. *Combs v. Knott County Fiscal Court*, 283 Ky. 456, 141 S.W.2d 859, 860 (1940). "[B]y requiring that trial counsel focus the trial court's attention on a purported error by specifically identifying it, the rule makes sure that there is a discrete decision for an appellate court to review." *Fischer v. Fischer*, 348 S.W.3d 582, 588 (Ky. 2011). "The appellate court reviews for errors, and a nonruling cannot be erroneous when the issue has not been presented to the trial court for decision." *Hatton v. Commonwealth*, 409 S.W.2d 818, 819-820 (Ky. 1966) (citation omitted). The Commonwealth's failure to raise this omission of what it regards as a critical finding of fact in the trial court precludes appellate review of the omission.

*Id.* at 285.

In *Smith*, the circuit court entered a suppression order with written findings of fact and conclusions of law, but on appeal, the Commonwealth argued "that the trial court's findings of fact [were] . . . incomplete, arbitrary, and clearly erroneous" because the trial court did not include the appellee's parole status. *Id.* However, the Commonwealth did not preserve the issue with a CR 52.02 motion, so its omission precluded review. *Id.*

-6-

Here, the trial court failed to make any oral or written findings of fact, and Williams failed to make a CR 52.02 motion to preserve the issue. This Court encountered the same situation in *Harris v. Commonwealth*. There, this Court distinguished *Smith* and opined:

> RCr [Kentucky Rule of Criminal Procedure] 8.20(2) and 8.27 require a trial court to "state its essential findings on the record" when considering a motion to suppress. *Smith*, 542 S.W.3d at 285. Our standard of review mandates that we review the circuit court's findings and uphold said findings only if there is substantial evidence in the record to support them. *Turley*, 399 S.W.3d at 417. Without the required findings of fact, we cannot conduct a meaningful review of the issues presented. *Commonwealth v. Neal*, 84 S.W.3d 920, 925 (Ky. App. 2002).

*Harris*, 2020 WL 969138, at *2.

Though *Harris* is unpublished, we find it persuasive and distinguish the present case from *Smith*. Though, generally, we cannot review unpreserved errors, we also cannot address the merits of an appeal when "[t]here is nothing in the record, oral or written, to indicate which facts the circuit court believed supported its ruling." *Harris*, 2020 WL 969138, at *3. Thus, we hold the trial court erred in entering a suppression order lacking findings of fact.

For the foregoing reasons, we vacate the Grayson Circuit Court's suppression order and remand with instructions to enter a new order containing findings of fact and conclusions of law as required by CR 52.01.

-7-

THOMPSON, CHIEF JUDGE, CONCURS.

TAYLOR, JUDGE, CONCURS IN RESULT ONLY.


BRIEFS FOR APPELLANT:

Karen Shuff Maurer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Thomas A. Van De Rostyne
Assistant Attorney General
Frankfort, Kentucky