RENDERED:  FEBRUARY 27, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0770-MR

JASON MARCUM                                                                        APPELLANT


APPEAL FROM JACKSON CIRCUIT COURT
v.          HONORABLE OSCAR G. HOUSE, JUDGE
ACTION NO. 22-CR-00053


COMMONWEALTH OF KENTUCKY                                              APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, EASTON, AND TAYLOR, JUDGES.

EASTON, JUDGE:  Appellant (Marcum) asks this Court to reverse his conviction

based on his conditional guilty plea to trafficking in methamphetamine.  He argues

the circuit court erred by denying his motion to suppress evidence based upon a

traffic stop.  Finding no error by the circuit court, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

At about 6:30 p.m. on the evening of December 20, 2021, Kentucky

State Police Trooper Scott Townsend (Townsend) was conducting stationary patrol

parked in a gravel area near a four-way intersection of two county roads. He saw the vehicle in which Marcum was a passenger approach that intersection. Townsend noticed the vehicle was equipped with an "off-road" or LED[1] light bar attached to the front bumper of the vehicle between the standard headlights.

In his experience of seeing such lights several times before, Townsend believed that this light bar could not be dimmed; they are either off or full on. From prior stops, Townsend knew that such lights (especially in combination with standard headlights) were too bright.[2] Townsend cited the driver for "glaring headlights" in violation of KRS[3] 189.040.

We need not detail the interaction between Townsend and Marcum after the stop. Suffice it to say that Townsend found over 70 grams of methamphetamine on Marcum. Townsend arrested Marcum leading to the eventual charge and conviction for trafficking.

Marcum filed a motion to suppress the evidence resulting from the traffic stop. He argued that the off-road light bar was not itself illegal. Townsend had not seen any vehicles opposite that in which Marcum was a passenger. Thus,

---

[1] Light Emitting Diode.

[2] Total lumens of lights used logically may impact distance the light travels before dissipating and reducing glare.

[3] Kentucky Revised Statutes.

Marcum argued no one had been subjected to "glaring headlights." The circuit court conducted a hearing on the motion and denied it. This appeal follows.

## STANDARD OF REVIEW

We apply a two-part standard in reviewing the denial of a motion to suppress:

> The trial court's findings of fact are reviewed under the clear-error standard. We accordingly defer to the trial court's fact finding if it is supported by substantial evidence. Substantial evidence is "evidence, taken alone or in light of other proof, that a reasonable mind would find sufficient to support a conclusion." We review the trial court's application of the law to the facts de novo. This means we have "a duty to make an independent evaluation of the record," and will give no deference to the trial court's ruling.

*Cox v. Commonwealth*, 641 S.W.3d 101, 113 (Ky. 2022) (footnotes omitted).

## ANALYSIS

We must read all of KRS 189.040 together to determine what it prohibits. "The statute must be read as a whole and in context with other parts of the law. All parts of the statute must be given equal effect so that no part of the statute will become meaningless or ineffectual." *Lewis v. Jackson Energy Co-op. Corp.*, 189 S.W.3d 87, 92 (Ky. 2005).

KRS 189.040(5) and (6) govern how drivers may use brighter lights but must be able to dim their lights by changing the elevation of the light beams

when meeting or following other vehicles.  Marcum is right that Townsend may not have observed a violation of *these* subsections.

But KRS 189.040(3) governs how vehicles must be equipped with respect to lights.  The statute does permit auxiliary lights (such as fog lights) in addition to just two standard headlights.  But when it comes to the combination of lights, they must be such that the combination will not violate the dimming requirements of KRS 189.040(5) and (6).  For this reason, the statute requires an option for the elevation of light beams aimed at others.  KRS 189.040(3)(a) and (b).  A violation of KRS 189.040(3) is subject to the same penalty as a violation of KRS 189.040(5) and (6).  KRS 189.990(1).

Townsend knew from his experience that off-road lights were not usually capable of being dimmed.  Thus, on-road use of such lights may violate KRS 189.040(3).  He had probable cause to investigate this issue regardless of ultimate guilt of the driver for such a violation.

Marcum points out that the violation charged against the driver over the lights was dismissed without prejudice.  Given the more serious criminal activity discovered after the stop with respect to the passenger, this is not surprising.  It is also largely irrelevant.

Townsend might have been wrong about the separate dimmability of the off-road light bar.  Neither side put any evidence in the record, such as a photo,

about the light bar. No one testified whether the light bar could be dimmed. With the felony drug arrest that developed, Townsend did not check to see if the light bar could be dimmed.

But a reasonable belief, even if mistaken, can justify an investigative stop. "The constitutional validity of a stop is not undermined simply because the officers who made the stop were mistaken about relevant facts." *Benton v. Commonwealth*, 598 S.W.3d 102, 106 (Ky. App. 2020) (citations omitted). The fact that the ultimate violation was not proven did not remove probable cause. *See, e.g., Greer v. Commonwealth*, 514 S.W.3d 566, 569 (Ky. App. 2017) (fact that window tinting on a vehicle was later found to be within legal limits does not invalidate traffic stop to investigate that issue based on probable cause to believe such a violation may have occurred).

We briefly note the misplaced reliance on the recent decision in *Vincent v. Commonwealth*, 706 S.W.3d 94 (Ky. 2024). *Vincent* did not reject the good-faith-legal-mistake rule in *Heien v. North Carolina*, 574 U.S. 54, 61 (2014). The Court in *Vincent* held that *Heien* did not apply to the circumstances of *Vincent*. Rather, the officer in *Vincent* was clearly wrong about the illegal nature of the light in question, because the law governing it had not yet gone into effect. *Vincent*, *supra*, at 100.

Townsend was not mistaken about the requirements of KRS 189.040. Even if Marcum can argue that off-road light bars are not all necessarily made illegal by that statute, this does not change the other requirements of the statute about dimmability. Townsend would have at least had a good faith belief under *Heien* that the law was being violated because of the presence of the off-road light bar and could investigate the matter with a traffic stop.

## CONCLUSION

The circuit court correctly denied the motion to suppress. We affirm the Order denying the motion to suppress and the subsequent Judgment entered after Marcum's conditional guilty plea.


ACREE, JUDGE, CONCURS.

TAYLOR, JUDGE, DISSENTS AND DOES NOT FILE SEPARATE OPINION.

BRIEFS FOR APPELLANT:

Sharon K. Allen
McKee, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky